Norman L. HORN, Appellee,

v.

Julius MULLINS; John J. O'Connell; Paul R. Dean; United Mine Workers of America Health and Retirement Funds, Appellants.

No. 80–1735.

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1981.

Decided May 27, 1981.

E. Calvin Golumbic, Gen. Counsel, Washington, D. C. (William F. Hanrahan, Deputy Gen. Counsel, Jeanne K. Beck, Associate Counsel, Phillip T. Kimball, Associate Counsel, Washington, D. C., Stuart B. Campbell, Campbell, Young & Hodges, Wytheville, Va., on brief), for appellants.

Matthew J. Cody, Jr., Lebanan, Va., for appellee.

Before BRYAN, Senior Circuit Judge, and HALL and PHILLIPS, Circuit Judges.

K. K. HALL, Circuit Judge:

The trustees of the United Mine Workers Health and Retirement Funds (UMW Trust) appeal from a decision of the district court, 498 F.Supp. 1197, awarding a disability pension to Norman L. Horn. The court granted Horn's motion for summary judgment, finding that he was disabled as a result of a mining accident and therefore entitled to the pension. We affirm.

The UMW Trust provides that a miner with ten years of credited service who receives a social security award as a result of a mine accident is entitled to a disability pension.[1] At issue in this appeal is the narrow question of whether Horn's disability resulted from a mine accident.

Horn injured his back on October 18, 1976, lifting a bag of cement while employed as a coal miner. Two days later his physician diagnosed the condition as lower back syndrome. One week later Horn was admitted to the hospital where he was examined by an orthopaedic surgeon and a neurosurgeon who subsequently operated to remove a ruptured disk from Horn's back.

Horn first applied for social security disability benefits in November, 1977. His original claim and subsequent motion to reconsider were denied. Before appealing, Horn visited three other medical specialists who examined him and reported that his numerous physical and mental problems rendered his chances for vocational rehabilitation doubtful. Horn presented this report as well as the testimony of a vocational expert in an appeals hearing held before a Social Security Administrative Law Judge (ALJ). Considering the entire record and the new evidence, the ALJ determined that Horn was totally disabled[2] as of October

---

1. The UMW Trust reads in pertinent part:

    A participant who (a) has at least 10 years of signatory service prior to retirement, and (b) becomes totally disabled on or after the effective date as a result of a mine accident shall, upon his retirement . . ., be eligible for a pension. A participant shall be considered to be totally disabled only if by reason of such accident he is subsequently determined to be eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act or its successor.

2. The Social Security Act defines "disability" as:

    Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A) (1978).

20, 1976 as a result of his recurrent headaches, psychological trauma, stabbing chest pains, and back pains with numbness in the right leg.

Horn then filed a claim with the UMW Trust for disability benefits, using his social security award as proof of disability. The trustees determined that Horn had the requisite ten years of mine service and a social security award, but they denied his application on the grounds that his disability did not result from a mine accident. Horn unsuccessfully appealed the decision to a hearing officer appointed by the UMW Trust.

Horn filed suit in federal district court pursuant to § 301(a) of the Labor-Management Relations Act[3] and § 502(f) of the Employee Retirement Income Security Act.[4] The district court ruled the medical evidence sufficient to prove that the mining accident was in "substantial part" responsible for Horn's inability to return to work and that no substantial evidence existed to prove Horn's ability to perform alternative work. Based upon these rulings, the court granted Horn's motion for summary judgment.

■ The standard for reviewing a decision of the trustees is whether it is arbitrary or capricious. *Seafarers Pension Plan v. Sturgis*, 630 F.2d 218, 221 (4th Cir. 1980). To determine whether the action was arbitrary or capricious, we must first decide whether the trustees' decision was supported by substantial evidence. *Danti v. Lewis*, 312 F.2d 345, 348–50 (D.C.Cir.1962). The trustees acknowledge that the social security award creates an "irrebuttable presumption" of disability and they do not challenge that determination. They do,

however, attack the district court's finding as to the causes of that disability. Based upon evidence from the social security proceedings, the trustees argue that Horn's total disability resulted from a number of medical problems, at least two of which postdated and were unrelated to the mine accident.

■ The district court dismissed the trustees' arguments, holding that they failed to prove that the accident was not substantially related to the disability and that Horn was able to perform alternative work. While we agree with the result reached by the district court, we do so for other reasons.

We think the critical factor in this case is the date of disability determined by the ALJ after careful consideration of the conflicting evidence. He found the date of total disability to be October 20, 1976, the first day Horn was treated for his back injury and within forty-eight hours of the mine accident. Clearly the total disability on October 20 occurred as a result of the mine accident on October 18.

Accordingly, we find the trustees' decision that Horn's permanent disability did not result from his accident is not supported by substantial evidence. Therefore, the denial of benefits on that ground is arbitrary and capricious and the district court's entry of summary judgment for Horn was correct.

AFFIRMED.

---

3. Title 29 U.S.C. § 185(a) provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

4. Title 29 U.S.C. § 1132 provides in pertinent part that a civil action may be brought by a participant or beneficiary of a pension plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and United States District Courts are granted jurisdiction "without respect to the amount in controversy or the citizenship of the parties . . . ."