846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Billy PAULEY, Plaintiff-Appellant,
v.
UMWA HEALTH AND RETIREMENT FUNDS, 1950 Pension Fund, Joseph
P. Connors, Sr., Chairman, William Miller,
Trustee, Donald E. Pierce, Jr., Trustee,
William B. Jordan, Trustee,
Defendants-Appellees.
 
 No. 87-1155.
 United States Court of Appeals, Fourth Circuit.
 Argued March 11, 1988.
Decided April 28, 1988.
 Roger D. Forman for appellant.
 Edward J. Gilmartin, Associate Counsel, UMWA Health & Retirement Funds, Office of General Counsel (Gerald E. Cole, Jr., General Counsel, Israel Goldowitz, Deputy General Counsel, Andrew M. St. Martin, Assistant General Counsel on brief) for appellees.
 Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Billy Pauley appeals from the district court's grant of summary judgment to the trustees of the United Mine Workers of America Health and Retirement Funds (the Funds) in his action to receive a pension for past coal mine employment.[1] The court upheld the trustees' finding that Pauley lacked the requisite years of covered employment to qualify for benefits. Agreeing with the district court that the trustees' decision was supported by substantial evidence and that their action was not arbitrary and capricious, we affirm.
 
 
 2
 Pauley worked in the coal mines of West Virginia intermittently from 1945 to 1969. In 1983 he applied to the Funds for a pension, claiming a total of twenty-five years employment in the mines. The trustees, after considering Pauley's documented employment and his Social Security Administration earnings records, credited him with nineteen and one-half years of covered employment--one-half year short of the minimum of twenty years required for pension benefits. Pauley pursued an administrative appeal, and after a hearing, a hearing officer credited him with nineteen and three-fourths years. The trustees then reaffirmed their denial of Pauley's claim for benefits, and he filed this action in the district court. Finding that the trustees had considered all the relevant evidence and that substantial evidence supported their decision, the court granted the trustees' motion for summary judgment.
 
 
 3
 At issue on appeal are two periods for which Pauley claims credit toward his total years of mine employment. First, he disputes the denial of credit for covered employment in the years 1944 and 1945. In support of his claim to credit for this period, Pauley submitted statements from three former coworkers. One stated that Pauley had worked with him at Raymond City Coal Company from September 1944 to March 1945; another claimed to have worked with Pauley at the company from September 1945 to June 1946; and a third stated Pauley worked there from 1945 to 1946. Social Security Administration records, however, show no coal industry employment during that period.
 
 
 4
 Our review of the trustees' decision is governed by the arbitrary and capricious standard. LeFebre v. Westinghouse Electric Corp., 747 F.2d 197, 204 (4th Cir.1984) (citing Horn v. Mullins, 650 F.2d 35, 37 (4th Cir.1981)). We may not substitute our judgment for that of the trustees, but review instead whether their decision "was based on a consideration of the relevant factors" and "supported by substantial evidence" and "whether there has been a clear error of judgment." LeFebre, 747 F.2d at 204 (quoting Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285 (1974); Horn, 650 F.2d at 37). The trustees considered the statements of Pauley's coworkers and Pauley's Social Security Administration earnings records and denied his claim. In our view, their decision, supported by substantial evidence, cannot be said to be arbitrary or capricious.
 
 
 5
 Pauley next claims credit under the Funds' "Maggard policy"[2] for various periods during the years 1965-68. In support of this claim, Pauley submitted medical records from 1962 and 1963, which indicated he had "early silicosis." Pauley also submitted statements of supervisory personnel that he was unable to work during 1966 because of respiratory difficulties. Pauley stated that he had been treated for breathing difficulties by physicians in 1966, but that he was unable to produce medical records for the 1966 period because the records had been destroyed.
 
 
 6
 In rejecting Pauley's claim, the trustees noted that in 1963 Pauley applied for and was denied West Virginia workers' compensation benefits based on a finding that he did not have silicosis. In addition, a 1981 medical report stated that Pauley had no real problems with his chest. The trustees also considered evidence that Pauley worked in non-coal mine employment from 1966 through 1968--employment which did not count towards eligibility for pension benefits. Weighing all the evidence, the trustees determined Pauley had failed to establish disability by a preponderance of the evidence as the Funds' Maggard policy required.
 
 
 7
 Here again, our review is under the arbitrary and capricious standard. LeFebre, 747 F.2d at 204. There is no indication the trustees failed to consider all relevant factors. Their decision is supported by substantial evidence and was neither arbitrary nor capricious.
 
 
 8
 In view of the above, the decision of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 United Mine Workers of America Health and Retirement Funds, 1950 Pension Fund, Joseph P. Connors, Sr., Chairman, William Miller, Trustee, Donald E. Pierce, Jr., Trustee, William B. Jordan, Trustee
 
 
 [2]
 The Funds Maggard policy, adopted after a settlement agreement entered in Maggard v. Huge, No. 76-2219 (D.D.C.1979) (unpublished), provides for an award of additional credit when a miner cannot work due to an occupational injury or disease