849 F.2d 605
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John W. HANSHAW, Plaintiff-Appellee,
v.
Joe CONNERS, Trustee; Don Pierce, Trustee; Paul R. Dean,
Trustee; William Miller, Trustee; William B. Jordan,
Trustee, and their successors as such, of the United Mine
Workers of America Health and Retirement Funds, Defendants-
Appellants.
 No. 87-2149.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 7, 1988.
Decided: June 3, 1988.
 
 Glenda S. Finch, Senior Associate Counsel (Gerald E. Cole, Jr., General Counsel; Israel Goldowitz, Deputy General Counsel; Catherine H. Mitchell, Senior Associate Counsel, United Mine Workers of America Health and Retirement Funds, on brief), for appellants.
 William C. Garrett, for appellee.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Trustees of the United Mine Workers of America Health and Retirement Funds appeal the judgment of the district court adopting the recommendations of a United States Magistrate to reverse the Trustees' decision which denied John W. Hanshaw disability benefits. The district court accepted the Magistrate's ruling that the Trustees' denial of benefits was not supported by substantial evidence. We affirm.
 
 
 2
 Hanshaw is a 58 year old former coal miner who has suffered several employment related injuries. On May 15, 1974 Hanshaw twisted his right knee while loading supplies in the mines. This injury caused Hanshaw's hospitalization and knee surgery in August of 1974. In October 1976 Hanshaw suffered another work-related knee injury, which aggravated his existing knee problems. Hanshaw suffered an additional work-related injury in April of 1975 when he twisted his back and was hospitalized for nine days.
 
 
 3
 Between his initial injury to his knee in May 1974 and the award to him of Social Security disability benefits in 1985, Hanshaw was treated by a total of four orthopedists and ten medical doctors. His right knee cap was surgically removed on December 29, 1975. Hanshaw has not worked in the mines since November 1, 1977, and has required a cane to assist him in walking for many years. Physicians examining Hanshaw have recommended varying fixed percentages of permanent disability from the injuries to his knee (10% to 20%) and back (10% to 15%).
 
 
 4
 The West Virginia Workers Compensation Commission in 1977 awarded Hanshaw a 15% permanent total disability for injuries to his right knee and in 1979 a 5% permanent total disability for the work-related injury to his back.[1] In 1979 Hanshaw applied to the West Virginia Workers Compensation Fund for black lung benefits and was diagnosed as suffering from simple pneumoconiosis. The Occupational Pneumoconiosis Board found that he had a 10% pulmonary functional impairment due to occupational pneumoconiosis.
 
 
 5
 Hanshaw initially filed a claim for Social Security disability benefits on March 23, 1976 and the claim was denied. After interim renewals of his Social Security disability applications, he was determined to be totally disabled for the purposes of the Social Security Act on January 29, 1985, and was awarded Social Security disability benefits with a retroactive effective date of June 10, 1978, the date of his initial social security application. The Administrative Law Judge found that Hanshaw suffered from severe chondromalacia of the knee, chronic obstructive pulmonary disease, low back pain, and a limited ability to stand, walk, and lift.[2]
 
 
 6
 Hanshaw first applied for a disability pension from the United Mine Workers of America 1974 Pension Trust on April 9, 1979, but his application was denied because he had not qualified as disabled in his 1976 Social Security disability application. He reapplied for UMWA Pension Trust disability benefits in 1981 and his claim was again denied because he had not been awarded Social Security disability benefits.
 
 
 7
 After Hanshaw was finally awarded Social Security disability benefits on January 21, 1985, he requested that his mine workers service pension be adjusted from a deferred vested pension to a disability pension. The Trustees denied this application, concluding that "a substantial causal link is not established between Mr. Hanshaw's May 1974 and April 1975 injuries and his eventual total disability status." It is this decision that the district court reversed as not being supported by substantial evidence.
 
 
 8
 The UMWA 1974 Pension Plan provides in pertinent part that:
 
 
 9
 A Participant who (a) has at least 10 years of signatory service prior to retirement, and (b) becomes totally disabled on or after March 27, 1978, as a result of a mine accident shall, upon his retirement (hereinafter "Disability Retirement"), be eligible for a pension while so disabled. A Participant shall be considered to be totally disabled only if by reason of such accident he is subsequently determined to be eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act or successor.
 
 
 10
 1974 Pension Plan, Art. II, pt. C. A Social Security disability award thus conclusively establishes the medical disability of the pension applicant. The disabled applicant must further show that a mining accident was "substantially responsible" for the disability. Horn v. Mullins, 498 F.Supp. 1197, 1200 (W.D.Va.1980), aff'd., 650 F.2d 35, 37 (4th Cir.1981).[3]
 
 
 11
 The Trustees have the initial and primary responsibility in determining whether a mine worker meets these requirements and their decision will not be overturned unless they are determined to be arbitrary or capricious. Horn, 650 F.2d at 37. In this respect the Trustees' decision is considered to be arbitrary and capricious if it is not supported by substantial evidence. Id.; Stanton v. Gulf Oil Corp., 792 F.2d 432, 434 (4th Cir.1986). This court's long-standing definition of substantial evidence is:
 
 
 12
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 13
 Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966) (quoting Woolridge v. Celebrezze, 214 F.Supp. 686, 687 (S.D.W.Va.1963)).
 
 
 14
 The parties agree that Hanshaw suffered the initial three injuries to his knee and back in the course of his mine employment. It is likewise agreed that Hanshaw is now totally disabled. Hanshaw was hospitalized after two of these injuries for over a week. His right knee cap was removed in 1975 and he was disabled for nearly a year following this surgery. His knee was reinjured in another work-related accident in November 1976. Although physicians differed over the degree of disability from these injuries, Hanshaw was diagnosed with a variety of ailments, including osteoarthritis, thrombophlebitis, and degenerative disc disease. Hanshaw relied on a cane occasionally after his knee injury and has constantly needed a cane in recent years. He continued to see physicians for his knee and back conditions through at least October 1985, when the Trustees denied the application involved in this appeal.
 
 
 15
 The Trustees relied upon the 10% disability award for occupational pneumoconiosis and the evidence of a chronic obstructive pulmonary disease to decide that Hanshaw's total disability was not a result of a mine accident. We agree with the Magistrate that that decision is not supported by substantial evidence.
 
 
 16
 As the United States District Court for the Western District of Virginia stated in Horn v. Mullins,
 
 
 17
 The only reasonable interpretation of the requirement that total disability be "the result of a mine accident," therefore, is that it requires total disability to have been proximately caused by the mine accident. That is, if the plaintiff was injured in a mine accident and that injury, whether in combination with a previous or subsequent condition, is substantially responsible for plaintiff's inability to perform his job and for whatever medical and vocational reasons he is unable to perform an alternative job, then his total disability results from a mine accident.
 
 
 18
 498 F.Supp. 1197, 1200 (W.D.Va.1980), aff'd., 650 F.2d 35 (4th Cir.1981). We agree with the district court in this case that the two mine accidents caused pain and physical constraints that played a substantial part in Hanshaw's total disability. This is demonstrated by the workmen's compensation awards, the Social Security disability award, and the medical evidence. See Horn, 650 F.2d at 37. There was not substantial evidence to support the Trustees' contrary conclusions. The judgment of the district court is affirmed.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 In 1983 Hanshaw further injured his back in an automobile accident. A 1986 medical examination estimated a 15% permanent partial disability from back ailments, but did not apportion this estimate among Hanshaw's back injuries
 
 
 [2]
 Although Hanshaw's combination of ailments left him still capable of sedentary work, the ALJ determined that Hanshaw's age, skills, and education qualified him as disabled under the Social Security disability grids
 
 
 [3]
 Cf. Odum v. UMW, 687 F.2d 843, 847 (6th Cir.1982). ("The question is whether the accident contributed in some part to the disability....") (emphasis added)