Glenn **BURTON**, Plaintiff,

v.

Joseph P. **CONNORS**, Sr., Donald E. Pierce, Jr., William B. Jordan and Paul R. Dean, as Trustees of the United Mine Workers of America 1950 Pension Trust, 1950 Benefit Plan and Trust, 1974 Pension Trust and the 1974 Benefit Plan and Trust, Defendants.

Civ. A. No. 2:87–0175.

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 1, 1988.

Thomas M. Hayes, Charleston, W.Va., for plaintiff.

Robert J. Smith, Charleston, W.Va., Gerald E. Cole, Jr., General Counsel, Margaret M. Topper, Assoc. General Counsel, Catherine H. Mitchell, Sr. Assoc. Counsel, UMWA Health & Retirement Funds, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are cross motions for summary judgment. The Plaintiff is a former coal miner, and the Defendants are the Trustees of the United Mine Workers of America Health and Retirement Funds. The sole issue for consideration by the Court is whether the Defendants' denial of the Plaintiff's application for a disability pension was supported by substantial evidence.

On August 11, 1984, the Plaintiff was involved in a mine accident in which he sustained some injury to his neck. The accident was reported to his employer on August 13, 1984, the Plaintiff having worked his scheduled shifts in the meantime. On that date, the Plaintiff was seen by a physician who diagnosed his condition as acute cervical strain. The Plaintiff was absent from work on August 14 and 15 and returned on August 16 with an authorization slip from his doctor. He was then absent from August 22 through September 9. The Plaintiff was hospitalized from August 23 to August 27 for chest pain. The last date on which the Plaintiff worked was September 10, 1984. Subsequently, he was hospitalized again from September 12 through September 14 and September 17 through October 17, for generalized anxiety and complaints of pain in his neck and head. On November 1, 1984, the Plaintiff was involved in an automobile during which he allegedly struck his head on the windshield of his car.

On September 27, 1984, the Plaintiff applied for Social Security disability benefits which were initially denied. He requested reconsideration of his application for benefits on November 13, 1984. The application was approved in February, 1985. This determination of disability forms the basis of the Plaintiff's claim of eligibility for a UMWA pension.

On April 26, 1986, the Plaintiff applied for a WMWA disability pension, based on the August 11, 1984, mine accident. This application was denied on the basis that there was an insufficient causal link between the August 11 accident and the Plaintiff's disability. The denial was affirmed by an appeals officer on January 26, 1987.

The Plaintiff now seeks by this action, and by his motion for summary judgment, to have the determination of ineligibility for a disability pension overturned. Upon review, the Court will overturn a decision by pension plan trustees if it determines that the decision was arbitrary or capricious. Such a determination will depend upon "whether the trustees' decision was supported by substantial evidence." *Horn v. Mullins*, 650 F.2d 35, 37 (4th Cir. 1981).

The Plaintiff's eligibility for a disability pension is governed by Section II.C. of the UMWA 1974 Pension Plan. That section provides in pertinent part that

"[a] Participant who (a) has at least 10 years of signatory service prior to retirement, and (b) becomes totally disabled as a result of a mine accident occurring on or after June 7, 1981, shall, upon retirement, (hereinafter "Disability Retirement") be eligible for a pension while so disabled. A Participant shall be considered to be totally disabled only if by reason of such accident such Participant is subsequently determined to be eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act or its successor."

Under Section II.C., the injury resulting from the mine accident must be the proximate cause of or "substantially responsible" for a Plaintiff's disability. *Horn v. Mullins*, 498 F.Supp. 1197, 1200 (W.D.Va. 1980) *affirmed*, 650 F.2d 35 (4th Cir.1981).

■ The Defendants in this case do not question the Plaintiff's disability. However, they have denied pension benefits due to their assessment that the Plaintiff's

"eligibility for Social Security disability benefits was not substantially based upon disabiltities resulting from your mine accident(s)."

Defendant's Exhibit A at 2. This assessment was based primarily upon a review of the Plaintiff's Social Security records and independent analysis of the Plaintiff's medical history. Workers compensation records were also considered.*

The Social Security Administration based its determination of disability on a finding that the Plaintiff was suffering primarily from "[m]ild mental retardation" and also from "generalized anxiety disorder, lumbar lordosis, history of chest pain, cardiac arrhythmias, premature ventricular contractions, hypertension, blindness in right eye." These findings supported a determination of disability in accordance with the Social Security Administration's listing 12.05(C), which provides that an individual may be determined to be disabled if he has an IQ of 69 or less and also suffers from an additional physical or mental impairment. The "most disabling additional impairment" was found to be the Plaintiff's "severe, chronic anxiety," and right shoulder bursitis and visual disability were also found to be somewhat limiting. Defendants' Exhibit A at 58.

The date disability began was noted as "8/11/84." Defendant's Exhibit A at 57. Regarding the onset date, it was also noted that the severity of the Plaintiff's visual impairment was sufficient, when taken together with his IQ, to meet the requirements of listing 12.05(C). It was noted, therefore, that the onset of disability occurred when the Plaintiff's visual impairment became sufficiently severe, and that "further development *of onset* is indicated." Defendant's Exhibit A at 59.

The Plaintiff relies, in part, on the notation of the onset date to argue that, be-

cause this is the date of his last mine accident, the Social Security Administration's determination clearly was that the injuries sustained on that date led to his disability. In *Horn v. Mullins*, 650 F.2d 35 (4th Cir.1981), the Court, under the facts presented in that case, found "the critical factor [to be] the date of disability determined by the ALJ after careful consideration of the conflicting evidence." *Id.* at 37.

In this case, however, the Court does not believe that the onset date listed by the Social Security Administration was a critical factor in determining whether the Plaintiff's disability resulted from the mine accident which occurred on that date. The other findings made with respect to the Plaintiff's disability do not support a conclusion that that accident was substantially responsible for his disability.

Finding that there are no genuine issues of material fact, the Court concludes that the decision of the trustees was neither arbitrary nor capricious in that it was supported by substantial evidence. Accordingly, the Court ORDERS that the Defendants' motion for summary judgment is granted, and that the Plaintiff's motion for summary judgment is denied.

---

* As a result of his injuries from the August 11, 1984, accident, the state workers compensation fund found the Plaintiff to have sustained an 11½% permanent partial disability. This award, taken with all of his previous workers compensation awards, caused the Plaintiff to be eligible for permanent total diability with a cumulative total of 87½% disability.