An appropriate order has previously been issued.

**Bertha J. ODLE, Plaintiff,**

v.

**TRUSTEES, UNITED MINE WORKERS OF AMERICA, HEALTH AND RETIREMENT FUNDS, Defendants.**

**Civ. A. No. 87–0022–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Oct. 26, 1988.

---

Joseph E. Wolfe, Norton, Va., for plaintiff.

Trenton G. Crewe, Jr., Wytheville, Va., Andree M. St. Martin, Washington, D.C., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This suit is before the court on defendants' motion for summary judgment. Plaintiff brought this action against the Trustees of the United Mine Workers of America's (UMWA) Health and Retirement Funds (Funds) for improperly denying her the benefits that she would be entitled to as a surviving spouse of a disabled coal miner. The court finds that there is not substantial evidence to support the Trustees' denial of benefits.

## FACTUAL BACKGROUND

On September 20, 1969, Johnny Odle, the plaintiff's deceased husband, suffered a heart attack while working in the mines. On that particular day, Odle was engaged in an activity that was not one he ordinarily performed. The roof of the mines where Odle worked had caved in and it was necessary to repair it. In order to effect this repair, Odle unloaded timbers that were 6 feet long and weighed between 100 and 200 pounds. Odle had to pick up the timbers and lift them over his head in order to place the timbers correctly.

While Odle was unloading these timbers, some co-workers found him sitting by the timbers complaining of chest pains. He was taken to the hospital where he remained until October 10, 1969. The diagnosis of Dr. M. Nakandakari, the attending physician, was "acute posterior myocardial infarction." According to Dr. Nakandakari's discharge summary, Odle did not, prior to September 20, 1969, suffer from cardiac or pulmonary disease.

Odle's last day at work was April 10, 1970. Frank Cornette, a foreman at the Clinchfield mine, termed this last day "an act of mercy." Defendants' Exhibit A at 17. Odle was really unable to work and he simply sat down most of the day. However, this day at work enabled him to complete 20 years of service in the mines. The Social Security Administration awarded Odle disability benefits on March 5, 1970 determining that the disability onset date was the day Odle suffered the heart attack—September 20, 1969. On March 2, 1971 Dr. John C. Buchanan found Odle to be disabled as of the last day Odle worked —April 10, 1970. Odle died of a heart attack on September 6, 1985.

## ANALYSIS

The standard for reviewing a decision of the Trustees is whether the decision was arbitrary or capricious, not supported by substantial evidence or contrary to law. *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1006 (4th Cir.1985); *Lefebre v. Westinghouse Electric Corp.*, 747 F.2d 197, 204 (4th Cir.1984); *Horn v. Mullins,* 650 F.2d 35, 37 (4th Cir.1981).

The UMWA's 1950 Benefit Plan and Trust (1950 Plan) provides that health and other benefits shall be provided to the sur-

viving spouse of a miner who died "at a time when he was receiving a retirement or disability pension. . . ." 1950 Plan Art. II. D(3). The Trustees have interpreted this language to provide benefits to the surviving spouse of a "deceased mine worker who [was] eligible and had applied for a [1950 Plan] pension but whose application was not approved at the time of death." Defendants' Memorandum in Support of Motion for Summary Judgment at 2. Odle had applied for and had been denied a 1950 disability pension. Since Odle had applied for a pension Mrs. Odle may "receive survivor benefits if she can establish that her husband was eligible for a 1950 Plan disability pension." *Id.* at 3. Odle was eligible for such benefits if he became "totally disabled ... as the result of a mine accident. . . ." 1950 Plan Art. II.C. Thus the issue is whether there was substantial evidence to support the Trustees' decision that Odle was not disabled as the result of a mine accident.

As an interpretational tool, the Trustees have promulgated a series of Questions and Answers. Q & A 252 sets forth the test for determining whether a miner was "disabled as a result of a mine accident":

> Q. The 1950 and 1974 Benefit and Pension Plans provide benefits to certain persons who are totally disabled as a result of a mine accident. For purposes of these provisions, what test must be met for a finding that a miner was 'disabled as the result of a mine accident?'
>
> A. The following three characteristics must be present: (1) *Unexpectedness:* the disability must have been unlooked for and unforeseen; (2) *Definiteness:* the disability must be traceable to a definite time, place and occasion which occurred within the course of the mine worker's employment. A progressive disease does not meet this test and therefore cannot be a disability that resulted from a mine accident; (3) *Force or impact:* the disability must have been caused by the exertion or impact of some external physical force or object against the body or by the exertion *or* impact of the body against some external physical

object; i.e., not simply as a result of the mine worker's own physical condition.

> Miners who become disabled under the circumstances described in the following examples can be considered 'disabled as the result of a mine accident' under the three tests stated above:
>
> \* \* \* \* \* \*
>
> (k) a miner suffers a heart attack while pushing a heavy object in the normal course of his job.
>
> As indicated above, however, miners who become disabled by progressive diseases or conditions such as black lung, silicosis, tuberculosis, arthritis, rheumatism, etc., cannot be considered 'disabled as the result of a mine accident' under the test stated above.

As can be readily seen from the foregoing, a coal miner can suffer a heart attack while working in the mines and be considered "disabled as the result of a mine accident" so long as the characteristics of unexpectedness, definiteness and force or impact are met. In this case, there can be no question but that the heart attack was unexpected. Odle had no history of heart disease and he could not have known he would be involved in such strenuous activity when he went to work on September 20, 1969. Moreover, Odle's heart attack occurred at a definite time, place and certainly during the course of his employment. Finally, the heart attack occurred while Odle was in the process of bodily exertion against an external physical object, to-wit, heavy timbers. Thus, following the Trustees' own guidelines, Odle was disabled as a result of a mine accident.

The Trustees in arguing this case have relied heavily upon the recent case of *Richards v. UMWA Health & Retirement Funds*, 851 F.2d 122 (4th Cir.1988). The miner in *Richards* suffered a heart attack that was caused by a pre-existing heart disease. *Id.* at 124. According to a physician, the miner's heart attack could have occurred at home or at work. *Id.* In fact, it was not clear that the heart attack occurred while the miner was at work—there was some indication that it may have occurred while he was attending a wrestling

match. *Id.* Thus, the factual background of *Richards* clearly differs from the present case involving a miner who had no history of heart disease suffering a heart attack while at work.

The fact that the claimant in *Richards* had a pre-existing progressive heart disease formed the basis of the Fourth Circuit's opinion. The Fourth Circuit upheld the Trustees' decision denying benefits based on the language of Q & A 252 which states that a "progressive disease does not meet [the definiteness requirement] and therefore cannot be a disability that resulted from a mine accident." 851 F.2d at 124. *Richards* does not stand for the proposition that a heart attack cannot be a mine accident. Q & A 252 example (k) clearly indicates otherwise. Rather, *Richards* stands for the proposition that a heart attack that results from a progressive disease is not a mine accident. In *Richards* the Fourth Circuit was concerned with the "Funds' explicit exclusion of progressive diseases from the definition of accident." *Id.* Since in the present case there is no objective evidence of a progressive disease, the holding of *Richards* simply is not applicable to the case at bar.

## CONCLUSION

There is not substantial evidence to support the Trustees' decision that Odle was not disabled as the result of a mine accident. Odle had no history of heart disease. He went to work on September 20, 1969 and, while unloading huge timbers, he suffered a heart attack. Odle's heart attack meets the test promulgated by the Trustees for determining what is a mine accident. The record in this case clearly shows that Odle was disabled as a result of his heart attack; that is, he was disabled as the result of a mine accident. Therefore, at the time of his death, Odle had applied for and was eligible for disability pension benefits. Under the Trustees' own interpretation of the 1950 Plan, Odle's application and eligibility makes Mrs. Odle eligible for surviving spouse benefits. Accordingly, the court grants judgment in favor of the plaintiff.