870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Lawrence O. WISEMAN, Plaintiff-Appellee,
v.
UNITED MINE WORKERS OF AMERICA HEALTH AND RETIREMENT FUND,
Mullins, Julius, O'Connell and Dean, Paul R. Dean,
Trustees of the United Mine Workers of
America 1950 Pension Trust,
Defendants-Appellants.
 
 No. 88-2113.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1988.
Decided Feb. 22, 1989.
 Glenda Sullivan Finch, Assistant General Counsel (Andrew M. St. Martin, Associate General Counsel, UMWA Health & Retirement Funds, on brief) for appellants.
 Ray Edmond Ratliff, Jr. (Kaufman & Ratliff on brief) for appellee.
 Before WILKINS, Circuit Judge, HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Julius Mullins, John J. O'Connell and Paul R. Dean, Trustees of the United Mine Workers of America (UMWA) 1950 Pension Trust, appeal from the district court reversal of their determination that Lawrence O. Wiseman was ineligible for pension benefits. We reverse and remand for further consideration.
 
 I.
 
 2
 Wiseman is a former coal miner who ceased working in the bituminous coal industry in March 1969. In May of that year, he applied for social security disability benefits. The Social Security Administration awarded Wiseman benefits, finding that he had been disabled due to a heart condition since March. On subsequent application for black lung disability benefits, the Social Security Administration further found that Wiseman had been disabled by pneumoconiosis since June 1970 and awarded him black lung benefits.
 
 
 3
 In 1981 Wiseman applied for service pension benefits under the 1950 Pension Trust, an irrevocable employee benefit trust established under the National Bituminous Coal Wage Agreement of 1974. Since Wiseman ceased working in the coal industry prior to December 31, 1975, he is eligible for service pension benefits under the Trust only if he has attained the age of 55 years and completed 20 years of credited service, including 10 years of service with coal operators signatory to a wage agreement.
 
 
 4
 The Trustees have repeatedly denied Wiseman's application for pension benefits. While it was uncontested that Wiseman met the age requirement, the issue of his years of credited service was in serious dispute. The Trustees initially found that Wiseman had only 14.5 years of signatory service. On reconsideration, they found that he was entitled to an additional 2.25 years of non-signatory service, but denied the application because he failed to meet the 20-year requirement.
 
 
 5
 In December 1984 Wiseman filed an action in West Virginia state court challenging the denial. The Trustees subsequently removed the action to federal district court pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. Secs. 1132(e)(1), (f) (West 1985) and 28 U.S.C.A. Secs. 1441(a), (b) (West 1973). The district court remanded the matter to the Trustees for further consideration and retained jurisdiction.
 
 
 6
 On remand the Trustees found that Wiseman now had 17.75 years of credited service and once again denied the application. On further review in the district court, Wiseman challenged the denial of credit for the years 1942-46, 1948, 1962, and 1969, and the denial of credit for his black lung disability. The court found that Wiseman was entitled to four years credited service based on his pneumoconiosis pursuant to a UMWA Health and Retirement Funds Policy Statement formulated as the result of a settlement agreement in Maggard v. Huge, No. 76-2219 (D.D.C. Mar. 14, 1979). The court found that with these additional four years Wiseman was eligible for pension benefits. It declined to address the denial of credit for the miscellaneous years.
 
 II.
 
 7
 Under the Maggard Policy Statement, an applicant for pension benefits may receive up to four years credited service when an occupational disease or injury was the direct and proximate cause of his inability to work in the coal industry:
 
 
 8
 [C]redit shall be available ... (ii) in the case of an occupational disease, if the applicant proves that he had contracted such occupational disease and that such disease was the direct and proximate cause of applicant's inability to work in the coal industry for a period of time of ascertainable duration. Each element of eligibility under this subsection (ii) shall be proved by a preponderance of the evidence through competent medical evidence and other relevant evidence.
 
 
 9
 The Policy Statement provides a presumption that pneumoconiosis is an occupational disease caused by employment in the coal industry. Although Wiseman had been awarded black lung benefits based on a diagnosis of pneumoconiosis, the Trustees found that he was not entitled to any years of credited service for this condition because pneumoconiosis was not the direct and proximate reason he retired from the coal industry.
 
 
 10
 Judicial review of the Trustees' decision is limited to whether the decision was arbitrary and capricious. LeFebre v. Westinghouse Electric Corp., 747 F.2d 197, 204 (4th Cir.1984) (citing Horn v. Mullins, 650 F.2d 35, 37 (4th Cir.1981) ). The first consideration in making this determination is whether the Trustees' decision was supported by substantial evidence. Id.
 
 
 11
 The district court found that the Trustees' decision was not supported by substantial evidence because they failed to give Wiseman proper benefit of the presumption, holding that:
 
 
 12
 [Wiseman] is presumed to have an occupational disease caused by employment in the coal industry. Therefore, [he] need not make an affirmative showing that his inability to work in the coal industry was caused by pneumoconiosis as that is conclusively established by virtue of his having an occupational disease arising out of classified coal industry employment.
 
 
 13
 We find that the district court misconstrued the operation of the presumption.
 
 
 14
 Credited service is available only if an applicant proves that (1) he had contracted an occupational disease, and (2) the disease was the direct and proximate cause of his inability to work in the coal industry. By virtue of the presumption, proof of pneumoconiosis established that Wiseman had contracted an occupational disease. However, the presumption did not satisfy the second element of causation.
 
 
 15
 This case is remanded to the district court for further consideration of whether there is substantial evidence to support the Trustees' finding of lack of causation. The court should also address the denial of credited service for the miscellaneous years.
 
 
 16
 REVERSED AND REMANDED.