**William H. HARPER, Plaintiff,**

**v.**

**INTERNATIONAL UNION, UNITED MINE WORKERS OF AMERICA PENSION TRUST and Richard L. Trumka; Cecil R. Roberts; and John J. Banovic, Members, Pension Trust Committee, Defendants.**

**Civ. A. No. 5:87–1132.**

United States District Court,
S.D. West Virginia,
Beckley.

July 6, 1989.

H. John Taylor, Rand, W.Va., for plaintiff.

Webster J. Arceneaux, III, McIntyre, Haviland & Jordan, Charleston, W.Va., and Michael Holland, Gen. Counsel, and Deborah Stern, UMWA, Washington, D.C., for defendants.

### ORDER

HALLANAN, District Judge.

This matter is before the Court via cross motions for summary judgment. A hearing was held on these motions on March 3, 1989, at which time the Court directed the parties to submit briefs on certain issues, and took the matters under advisement. After receipt of said briefs and after careful consideration the Court is prepared to rule on these motions.

■ The first determination the Court must make in ruling on these motions is the proper standard of review. The United States Supreme Court in *Firestone Tire and Rubber Co. v. Bruch*, — U.S. —, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), held that

a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

*Id.* 109 S.Ct. at 956 (emphasis in original). In determining whether or not a benefit plan gives an administrator or fiduciary discretion, the Court looked to whether or not the administrator or fiduciary had "power to construe uncertain terms or that eligibility determinations are to be given deference." *Id.* at 954. As the benefit plan at issue gives the Pension Trust Committee the authority to "make all determinations of fact with respect to eligibility," and further provides that "[t]he determination of the Committee as to any disputed question shall be conclusive," the Court believes that the Pension Trust Committee was given discretionary authority under the benefit plan to determine benefits and that, therefore, the arbitrary and capricious standard of review governs the disposition of this matter. To determine whether the decision denying this Plaintiff pension benefits was arbitrary or capricious, the Court must decide if the Pension Trust Committee's decision was supported by substantial evidence. *Horn v. Mullins*, 650 F.2d 35 (4th Cir.1981).

A brief review of facts is necessary for the disposition of this matter. The parties stipulated these facts by Stipulations of Fact filed July 14, 1988.

■ The Plaintiff was injured in August 1979 in an automobile accident in the course of his employment with District 29, United Mine Workers of America. His injuries resulted in total hip arthroplasty, right hip. On January 4, 1982, the Plaintiff was hired as a Training Instructor in the Training Department, International Union, United Mine Workers of America. On October 13, 1982, the Plaintiff wrote a letter to his supervisor requesting that he be "relieved from duty in 90 days" due to the condition of his leg and hip which was making it hard to carry equipment for his classes. This letter was not acted upon by the Plaintiff's superiors.[1]

On December 30, 1982, the Plaintiff was relieved of his employment with the International Union when the Training Department was eliminated. On January 25, 1983, the Plaintiff applied for disability pension. On April 4, 1983, the Pension Trust Committee informed the Plaintiff that his application would be denied unless he could provide additional information to prove his disability. In May and June of 1984 the Plaintiff submitted additional medical information concerning his disability, including a Social Security disability determination of February 27, 1984, which found the Plaintiff's disability to commence on December 30, 1982. On July 5, 1984, the Pension Trust Committee again denied

---

1. An affidavit of William R. Franklin, Administrative Assistant to the UMWA International Union Secretary–Treasurer, who is responsible for personnel matters, states that, although his predecessor was administrative assistant during 1982, he has reviewed the Plaintiff's personnel file and did not find the October 13, 1982, letter, nor any other request to be relieved from duty due to disability, in the Plaintiff's file.

the Plaintiff's application for a disability pension upon the basis that the Plaintiff's employment had not been terminated as a result of disability under Article II(D), but as a result of the elimination of the Training Department. In August and September of 1984 the Plaintiff submitted additional information concerning his disability. On January 28, 1985, the Pension Trust Committee again denied his application for a disability pension.

Article II(D) of the International Union Pension Plan provides that:

> Any participant who, after January 1, 1976, becomes totally and permanently disabled from engaging in any occupation for wages and profit, and whose employment terminates as a result of said disability and who is determined to be eligible as of the time of his termination for Social Security Disability Insurance benefits ... shall be eligible for a disability pension....

The Pension Trust Committee found that as the Plaintiff's employment terminated as a result of the elimination of the Training Department and not as a result of disability, the Plaintiff was not entitled to a disability pension.

Reviewing this decision under the arbitrary and capricious standard, the Court finds that the Pension Trust Committee's decision is based upon substantial evidence. It is undisputed that the Plaintiff was working at the time of his termination from employment, and had not resigned nor been laid off as a result of his physical condition. Although the Plaintiff had asked to be relieved from duty 90 days from his October 13, 1982, letter, he was still working at the time his department was eliminated. The Court realizes that this is an extremely unusual case and realizes the harshness of the result, but cannot find other than that the decision of the Pension Trust Committee to deny the Plaintiff benefits was not arbitrary nor capricious, and was supported by substantial evidence.

For the above reasons, the Plaintiff's motion for summary judgment is hereby ORDERED DENIED and the Defendants' motion for summary judgment is hereby ORDERED GRANTED. All matters herein being concluded, the Clerk is directed to remove this action from the docket of this Court.