851 F.2d 122
 Homer RICHARDS and Anna Mae Richards, Plaintiffs-Appellees,
v.
UNITED MINE WORKERS OF AMERICA HEALTH AND RETIREMENT FUNDS,
Joseph P. Connors, Sr.; Donald E. Pierce, Jr.; William
Miller; William B. Jordan; Paul R. Dean, Trustees of the
United Mine Workers of American 1974 Pension Trust,
Defendants-Appellants.
 No. 87-2154.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 2, 1988.
Decided July 11, 1988.
Rehearing Granted Aug. 10, 1988.
 
 1
 Edward J. Gilmartin (Andree M. St. Martin, Washington, D.C., on brief), for defendants-appellants.
 
 
 2
 Edmund A. Sargus, Jr. (Burech & Sargus, St. Clairsville, Ohio, Chris Riley, Riley & Kidner, Wheeling, W.Va., on brief), for plaintiffs-appellees.
 
 
 3
 Before HALL and WILKINSON, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 MERHIGE, Senior District Judge:
 
 4
 The Trustees of the United Mine Workers of America Health and Retirement Funds ("Funds") appeal from the district court's order granting Homer Richards' ("Richards") and Anna Mae Richards' motion for summary judgment and awarding disability pension benefits. We find that the Trustees' decision that Richards' disability did not result from a mine accident is supported by substantial evidence.
 
 I.
 
 5
 On January 31, 1981, Richards was admitted to the St. John Medical Center in Steubenville, Ohio, suffering from an acute anterior lateral wall myocardial infarction (heart attack). He complained of experiencing chest pain while doing heavy lifting at his coal mining job the previous night. Subsequent testing revealed severe coronary artery disease.
 
 
 6
 On November 5, 1982, Richards filed an application with the Funds for disability pension benefits. Richards' application for a disability pension was denied on June 8, 1983 upon a finding that he was not totally disabled as the result of a mine accident, and after being reopened for submission of additional medical evidence was again denied on June 8, 1984.
 
 
 7
 The appellees filed suit in the United States District Court for the Northern District of West Virginia on October 2, 1984, alleging that Richards is entitled to disability pension benefits from the Funds, that he was denied such benefits, and that the denial was arbitrary and capricious and not supported by substantial evidence.
 
 
 8
 The district court entered a memorandum opinion on July 27, 1987 adopting the Proposed Findings of Fact and Recommendation for Disposition submitted by United States Magistrate David L. Core. The magistrate's report found that the Trustees' determination that Richards was not totally disabled as a result of a mine accident was not supported by substantial evidence. In its memorandum, the district court specifically agreed that the Trustees' decision was not supported by substantial evidence.
 
 II.
 
 9
 It is beyond dispute that the standard for reviewing a decision of the Trustees is whether the decision was arbitrary and capricious. E.g., Horn v. Mullins, 650 F.2d 35, 37 (4th Cir.1981). In evaluating whether the Trustees' decision was arbitrary or capricious, we must determine whether it was supported by substantial evidence. Id.; LeFebre v. Westinghouse Electric Corp., 747 F.2d 197, 204 (4th Cir.1984). Our review of the Trustees' decision is a narrow one, and we may not substitute our judgment of the facts in this case for that of the Trustees, for it is the Trustees whose expertise in this area arises from daily and continual experience. Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1006 (4th Cir.1985). Upon finding substantial evidence in support of the Trustees' decision and absent a showing of any clear error of judgment, the determination of the Trustees must be upheld. LeFebre v. Westinghouse Electric Corp., 747 F.2d at 204.
 
 A.
 
 10
 In the June 8, 1984 final denial of benefits, the Trustees state that there is some uncertainty as to whether the heart attack occurred on January 30, 1981, while Richards was working, or on January 31, while he was attending a wrestling match. The Trustees further note, however, that regardless of the timing of the heart attack, the medical evidence indicates that Richards was disabled by severe multiple coronary artery stenoses, which were not caused by his employment or by a mine accident. The medical evidence before the Trustees included a medical report from Dr. Charles A. White which stated that Richards had severe extensive coronary artery disease, that the heart attack would have occurred whether Richards had been working or sitting at home, and that there is no relationship between Richards' employment and the underlying heart disease or resulting heart attack. The Trustees also had evidence of June, 1981 tests which demonstrated severe heart disease.
 
 
 11
 Article II(c) of the 1974 Pension Plan provides for disability pension benefits to those persons totally disabled as a result of a mine accident. The Trustees have promulgated various rules, regulations and interpretations of the terms used in the Plan, including a question and answer format. Question and Answer 252 sets forth the characteristics of a mine accident and lists several examples of circumstances under which a miner can be considered disabled as a result of a mine accident. Richards relies upon example (k) which describes a miner suffering a heart attack while pushing a heavy object. Richards' reliance on this example, however, is misplaced.
 
 
 12
 Q & A 252 specifically states that "[a] progressive disease does not meet [the definiteness requirement] and therefore cannot be a disability that resulted from a mine accident." Furthermore, immediately following the heart attack example, Q & A 252 contains the caveat that "miners who become disabled by progressive diseases or conditions ... cannot be considered 'disabled as the result of a mine accident.' " The Trustees committed no clear error of judgment by applying the substantial evidence of progressive heart disease to the terms of the Plan and denying disability pension benefits.
 
 B.
 
 13
 Richards argues that his pre-existing condition of heart disease was aggravated by a mine accident, and thus under Odom v. United Mine Workers of America, Health and Retirement Funds, 687 F.2d 843 (6th Cir.1982), his disability must be deemed to have resulted from a mine accident. In Odom, the miner fell from a platform on which he was working and landed on his back on a beam below. Id. at 844. Finding that the accident aggravated the miner's underlying kidney condition to the point he became disabled, the Sixth Circuit ruled that he was entitled to disability benefits.
 
 
 14
 Odom sustained an accident, a fall from a platform, which aggravated a pre-existing condition and resulted in total disability. Richards, in contrast, had a pre-existing condition, heart disease, which caused his claimed "accident," a heart attack. Unlike Odom, whose pre-existing condition merely made him akin to the "thin-skulled" tort victim, see id. at 847, Richards had a progressive disease which brought about his disability. Richards never sustained the mine accident which is prerequisite to an award of disability pension benefits.
 
 III.
 
 15
 Substantial evidence supports the Trustees' decision that Richards, disabled as the result of progressive disease rather than a mine accident, is not entitled to disability pension benefits. Were we to disregard the Funds' explicit exclusion of progressive diseases from the definition of accident, or extend Odom to include this injury resulting from a pre-existing condition, there would be a very real danger that the Funds would be depleted to an end inconsistent with their purpose. Since the Trustees' decision is based upon substantial evidence and is not arbitrary and capricious, we remand this matter to the district court with directions to enter judgment in favor of the appellants herein.
 
 
 16
 REMANDED AND REVERSED.
 
 HALL, Circuit Judge, dissenting:
 
 17
 I find it difficult to imagine an action more arbitrary and capricious than the Trustees' denial of Richards' application for disability benefits. The Trustees' unfortunate determination is unsupported by the available medical evidence, conflicts with the Fund's established rules and procedure, and is contrary to the sound reasoning articulated by the Sixth Circuit in Odom v. United Mine Workers of America, Health and Retirement Funds. I cannot agree, therefore, with the majority's conclusion that the Trustees' decision is supported by substantial evidence.
 
 I.
 
 18
 I would note initially that although the Trustees did suggest at an early point in the administrative process that Richards was disabled by reason of his coronary artery disease, they have not seriously asserted that position in the appeal. The Fund has essentially conceded that Richards is presently disabled as a result of a heart attack ("acute arterior-lateral wall myocardial infarction"). The Trustees have argued that the heart attack cannot be considered a "mine accident" because it neither occurred in the mine nor was it precipitated by any act of Richards' work. As the district court soundly recognized, however, the Trustees' position cannot withstand scrutiny.
 
 
 19
 Richards has consistently maintained that his chest pains began during his shift on January 30, 1981, while he was lifting railroad timbers weighing in excess of 100 pounds. Dr. Katsaros, the treating physician, expressly opined that Richards' "very strenuous work was the precipitating factor in the Acute Myocardial Infarction." Katsaros' opinion was supported by that of Dr. Shaver, the attending physician at a June 15, 1981, cardiac catheterization procedure.
 
 
 20
 Admittedly, Dr. White, the non-examining physician who reviewed Richards' record, concluded that his work did not contribute to the disabling heart attack. Dr. White's report, however, displays a serious internal inconsistency that minimizes its value. The report acknowledged that effort or work of "unusual severity" can cause a heart attack in a person with Richards' coronary impairment, but found that point irrelevant because Richards was supposedly performing his "usual duties." In fact, it is undisputed that on January 30, Richards' "usual duties" consisted of repeatedly lifting extremely heavy blocks of wood. Dr. White's complete failure to address whether that activity was work of "unusual severity" substantially undermines the persuasive force of his conclusion.
 
 
 21
 In my view, the available medical evidence is amenable to only one reasonable interpretation--Richards experienced a disabling heart attack induced by the strains of his work on January 30, 1981.[1] As the majority acknowledges, the Trustee's own regulations envision that a heart attack can be a "mine accident" giving rise to an entitlement to benefits.[2] Unfortunately, the majority allows the Trustees to evade this established interpretation by focusing improperly upon the progressive nature of Richards' coronary artery disease.
 
 
 22
 The Fund's regulations unquestionably do not accept as mine accidents disability resulting from progressive diseases such as tuberculosis, arthritis or rheumatism. Furthermore, Richards does have a progressive coronary disease that would, at some future date, likely have been disabling. Nevertheless, as the medical evidence demonstrates, the present disability was the direct consequence of a superseding event--the January 30 heart attack. Whether the progressive ailment would someday have produced a disabling condition is, of course, irrelevant. The analytical focus must remain upon what actually transpired and not upon potential occurrences.
 
 
 23
 At most, the Trustees could plausibly argue that Richards' coronary ailment rendered him particularly susceptible to the effects of strain when lifting heavy weights. Assuming that fact to be true, however, the denial of disability benefits would still be unjustified. The susceptibility would be in the nature of a preexisting condition which the Sixth Circuit in Odom, supra, recognized could blend with the effect of a mine accident to produce total disability.[3]
 
 
 24
 The majority purports to distinguish Odom in this appeal in a fashion that is utterly unpersuasive. In both cases, a miner with a hitherto unknown health problem experienced a work-related event that, absent the preexisting condition, would not have been disabling. The majority concludes, however, that Richards' coronary disease, unlike Odom's kidney ailment, caused the mine accident. In fact, Richards' accident was caused by the strain of lifting heavy weights. The majority thus confuses cause with result[4] and attempts to distinguish that which is indistinguishable. In my view, the persuasive reasoning of Odom is squarely on point in this case.
 
 III.
 
 25
 The majority's disposition of this case is doubly unfortunate. Not only will Richards be denied the benefits to which he is entitled, but the Fund will be provided a new rationale for denying otherwise meritorious claims. I fully expect a new series of cases in which the Fund will seek to deny disability applications based upon a miner's special susceptibility to injury. I am dismayed by this result and, therefore, respectfully dissent.
 
 
 
 [1]
 The Trustees have contended that the heart attack did not occur until January 31, when Richards sought medical attention. As I have indicated, that assertion is contrary to the medical evidence and was impliedly rejected by both the Ohio Bureau of Workers' Compensation and the Social Security Administration. Richards' workers' compensation award and his social security disability benefits are both predicated upon a disability onset date of January 30
 Significantly, this Court in Horn v. Mullins, 650 F.2d 35 (4th Cir.1981), found that the Social Security Administration's disability determination could be a critical factor in assessing the work-related nature of an injury in a UMWA pension fund case. Moreover, the Fund's own rules, in at least one context, treat a workers' compensation award as conclusive evidence of work-related injury.
 
 
 [2]
 Question & Answer 252(k), as promulgated by the Trustees, lists as an example of a mine accident: "A miner suffers a heart attack while pushing a heavy object in the normal course of his job." Obviously, Richards' case falls squarely within that example
 
 
 [3]
 The Court in Odom held that:
 If the mine accident aggravated a preexisting condition to the extent that the person became totally disabled, or if the mine accident occurred after a non-mine related injury and the two injuries combined resulted in total disability, then the mine worker shall be deemed to be totally disabled as a result of a mine accident. This rule applies even if evidence establishes that the mine-related condition is only a small percentage of the disability.
 687 F.2d at 847.
 
 
 [4]
 The majority acknowledges that under the Fund's rules a heart attack can be a mine accident in certain circumstances. Apparently, the majority believes that a heart attack qualifies only if the miner is otherwise healthy at the time of the attack. Since it would seem self-evident that healthy people do not have heart attacks, the majority opinion effectively relieves the Fund of liability for a previously recognized source of disability