**DONNKENNY, INC., et al., Plaintiffs,**

v.

**VIRGINIA FINANCIAL AND INSURANCE SERVICES, INC., et al., Defendants.**

**Civ. A. No. 89–0050–L.**

United States District Court,
W.D. Virginia,
Lynchburg Division.

May 9, 1990.

Harvey B. Cohen, Joanne F. Alper, Cohen, Gettings, Alper & Dunham, Arlington, Va., for plaintiffs.

Mark E. Feldmann, Glenn, Flippin, Feldmann & Darby, Roanoke, Va., and Steuart H. Thomsen, Sutherland, Asbill & Brennan, Washington, D.C., pro hac vice, for Provident Mut. Life Ins. Co.

Robert C. Wood, III, William Tracey Shaw, Edmunds & Williams, P.C., Lynchburg, Va., for French, Blosser & Evans, Crawford & Sawyer.

David B. Hart, Susan W. Spangler, Fox, Wooten & Hart, P.C., Roanoke, Va., for Carwile.

John S. Edwards, Paul H. Anderson & Gary M. Bowman, Martin, Hopkins, Lemon and Carter, Roanoke, Va., for Wood.

William B. Poff, W. Fain Rutherford, Deborah A. Oehlschlaeger, Woods, Rogers & Hazlegrove, Roanoke, Va., for Meredith and Va. Financial and Ins. Services.

## MEMORANDUM OPINION

KISER, District Judge.

This matter is before me on a motion to dismiss filed by defendant Ronald L. Wood on March 19, 1990. The plaintiffs, Donnkenny, Inc., Donnkenny Employees' 401(k) Savings Plan, and Eileen Pack, sue Ronald Wood and others for losses the plaintiffs sustained from mismanagement of a 401(k) employee pension benefit plan by employees of Virginia Financial and Insurance Services ("VFIS"). Defendant Wood requests this Court to dismiss the plaintiffs' claim for punitive damages and extracontractual damages on the grounds that the enforcement provisions of the Employee Retirement Income Security Act (ERISA) do not authorize the award of punitive damages. The parties have briefed the motion, and this case is now ripe for this Court's consideration.

### FACTS

The facts of this case are set forth in my Memorandum Opinion filed January 8, 1990. After that Opinion was entered, the plaintiffs filed a motion requesting leave to amend their complaint which I granted. The plaintiffs' amended complaint, filed March 8, 1990, contains a claim for punitive damages against Ronald Wood, VFIS and Robert Beecroft. On March 19, 1990, Wood filed a motion to dismiss the plaintiffs' claim for puntive damages.

### DISCUSSION

The civil enforcement provision of ERISA states:

A civil action may be brought

.    .    .    .    .

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary

    (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or

    (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C.A. § 1132(a) (1985) (emphasis added). Liability for breach of a fiduciary duty is established in 29 U.S.C. § 1109(a) which provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary....

29 U.S.C.A. § 1109(a) (1985) (emphasis added).

There is no express authority in ERISA for an award of punitive and extracontractual damages. Thus, in order for the plaintiffs to be able to recover punitive damages or extracontractual damages, they must establish that Congress intended the language "appropriate relief" in § 1132(a)(2), "other equitable or remedial relief" in § 1109(a) or "other appropriate equitable relief" in § 1132(a)(3) to authorize the recovery of such damages.

In *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court addressed the issue of Congress' intent with respect to authorizing ERISA remedies not expressly incorporated in 29 U.S.C. § 1132(a). *Russell* involved a beneficiary who was suing the administrator of her employee benefits plan for extracontractual damages for improper processing of benefit claims pursuant to § 1132(a)(2) (which incorporates by reference § 1109). The Court concluded that 29 U.S.C. § 1109(a) did not authorize a cause of action to the beneficiary for extracontractual damages. In regard to Congress' intent in enacting ERISA, the Court stated:

The six carefully integrated civil enforcement provisions found in [29 U.S.C. § 1132(a) ] of the statute as finally enacted, however, provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive reticulated statute."

*Russell,* 473 U.S. at 146, 105 S.Ct. at 3092 (citations omitted).

Wood argues that based on *Russell,* ERISA's enforcement provisions, 29 U.S.C. §§ 1109(a), 1132(a)(2), (3), do not authorize the recovery of punitive damages by a plan or a beneficiary. The plaintiffs argue that the *Russell* Court specifically declined to address the question of whether § 1132(a)(2) authorizes recovery of punitive damages by a *plan,* or whether § 1132(a)(3) permits a beneficiary or a plan to recover punitive damages from a fiduciary.[1] *Id.* at 139 n. 5, at 144 n. 12, 105 S.Ct. at 3088 n. 5, at 3091 n. 12. The plaintiffs' position is that the plan can recover punitive damages from the fiduciary pursuant to 29 U.S.C. §§ 1109, 1132(a)(2), and the plan and/or beneficiary can recover punitive damages from the fiduciary pursuant to 29 U.S.C. § 1132(a)(3).

---

**1.** In footnote 5 of the *Russell* opinion, the Court states: "Because respondent ... expressly disclaims reliance on [§ 1132(a)(3) ], we have no occasion to consider whether any other provision of ERISA authorizes recovery of extracon-

tractual damages." In footnote 12, the Court states: "we do not reach any question concerning the extent to which [§ 1109] may authorize recovery of extracontractual compensatory or punitive damages from a fiduciary by a *plan.*"

### I.

The plaintiffs submit that §§ 1109 and 1132(a)(2) permit the recovery of punitive damages in the instant case. The plaintiffs argue that "where the claim is being brought for a plan, the deterrent effect of a punitive damages award which would inure to the benefit of the entire plan is more proper and will better serve the remedial purposes Congress intended for ERISA." I disagree.

■ The legislative history of ERISA indicates that Congress intended to import the principles of the law of trusts into ERISA fiduciary standards. *See* H.R.Rep. No. 533, 93d Cong., 2d Sess. 11, *reprinted in* 1974 U.S.Code Cong. & Admin.News 4639, 4648–4651 [hereinafter House Report]; *Powell v. Chesapeake & Potomac Tel. Co. of Va.*, 780 F.2d 419, 424 (4th Cir.), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1985). Under the law of trusts, trustees generally are not liable for punitive damages for breach of fiduciary duty. *Powell*, 780 F.2d at 424. This view is supported by the Restatement (Second) of Trusts § 205 (1959) which limits liability for breach of trust to (1) loss in value of the trust estate; (2) profits accrued by the trustee; or (3) profits lost to the estate. *Id.*

■ When incorporating the law of trusts, Congress did not make a distinction between recovery by the plan versus the beneficiary. *See* House Report, at 4648–4651. The plaintiffs' argument that Congress intended to allow the *plan* to recover punitive damages but not a beneficiary is simply not supported by ERISA. Congress failed to expressly provide in ERISA for the recovery of punitive damages by either the plan or the beneficiary, and thus, I conclude that 29 U.S.C. §§ 1109(a), 1132(a)(2) do not authorize the plan to recover punitive damages.

Furthermore, I do not find the minority case cited by the plaintiffs, *Schoenholtz v. Doniger*, 657 F.Supp. 899 (S.D.N.Y.1987), persuasive. In *Schoenholtz*, the district court concluded that punitive damages are a form of "equitable relief" recoverable by the *plan* within the meaning of § 1109(a).

This conclusion is startling considering the fact that the *Schoenholtz* court cited the Supreme Court's ruling in *Russell* which construed the same language. The *Russell* Court determined that the list of remedies provided in ERISA should not be supplemented:

> We are reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA.... "[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."

*Russell*, 473 U.S. at 146–147, 105 S.Ct. at 3093 (citations omitted).

I find the case of *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.*, 793 F.2d 1456, 1464, *reh'g denied*, 797 F.2d 977 (5th Cir.), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837, 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1986), persuasive on the issue of whether punitive damages are a form of "equitable relief" recoverable by the *plan* within the meaning of § 1109(a). The *Sommers* court defined "other equitable or remedial relief" to include relief available to restore the plaintiff's losses and protect him from future harm. As punitive damages are designed to punish the wrongdoer and deter others from similar misconduct, the court concluded that punitive damages would not qualify as "equitable or remedial relief" within the meaning of § 1109(a). *Id.* at 1463. I agree.

### II.

■ The plaintiffs also argue that punitive damages are available to the plan or beneficiary under 29 U.S.C. § 1132(a)(3). Fortunately, the Fourth Circuit addressed this issue in *Powell v. Chesapeake & Potomac Telephone Co. of Va.*, 780 F.2d 419 (4th Cir.), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1985). The *Powell* court determined that the phrase "other appropriate equitable relief" in § 1132(a)(3) does not authorize the recovery of extracontractual or punitive damages. *Id.* at 424.

The *Powell* case involved a claim for punitive damages brought by a single beneficiary against her employer "for various alleged physical ailments, the decline of her marriage, her son's emotional distress, and the deterioration of her mental health" on account of her employer's mishandling of her disability claim. *Id.* The plaintiffs attempt to distinguish *Powell* by arguing that the facts alleged in the instant case are more egregious, and thus, relief in the form of punitive damages is warranted.[2] However, the Fourth Circuit did not make this distinction in *Powell.* The Court stated:

> the provision for "other appropriate equitable relief," *whatever it embraces,* cannot be held to authorize extracontractual or punitive damages for the breach of a plan administrator's fiduciary duty under ERISA.

*Id.* (emphasis added). Therefore, I find that 29 U.S.C. § 1132(a)(3) does not authorize a claim for punitive damages by the plaintiffs.

Accordingly, defendant Wood's motion to dismiss the plaintiffs' claim for punitive damages is granted.

---

**2.** The plaintiffs argue that "the instant case involves allegations of fraud, conversion and other egregious intentional misconduct by defendant Wood that directly led to the misappropriation of over one million dollars of 401(k) Plan funds."