**Curtis WISE, Plaintiff,**

. v.

**DALLAS & MAVIS FORWARDING CO., Drivers, Chauffeurs, Warehousemen and Helpers Local No. 71, and Central States, Southeast and Southwest Areas Pension Fund, Defendants.**

No. C–C–90–167–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Nov. 14, 1990.

See also, 753 F.Supp. 601.

Louis L. Lesesne, Jr., Gillespie Lesesne & Connette, Charlotte, N.C., for plaintiff.

C. John Holmquist, Jr., Charfoos Reiter Peterson & Holmquist, P.C., Birmingham, Mich., Philip Van Hoy, Van Hoy & Reutlinger, Charlotte, N.C., Hugh J. Beins, Jonathan G. Axelrod, Beins Axelrod Osborne & Mooney, P.C., Washington, D.C., Francis M. Fletcher, Harkey Fletcher Lambeth & Nystrom, S. Dean Hamrick, Waggoner Hamrick Hasty Monteith Kratt & McDonnell, Charlotte, N.C., Francis J. Carey, Rosemont, Ill., for defendants.

ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant Central States, Southeast and Southwest Areas Pension Fund's (hereinafter "Central States") motion, filed August 15, 1990, to strike Plaintiff's jury demand.

The record in this case indicates Plaintiff filed his complaint on June 1, 1990. The complaint alleges that Plaintiff was employed in February, 1980 as a truck driver by Defendant Dallas & Mavis Forwarding Company (hereinafter "Dallas & Mavis"). In 1981, Dallas & Mavis recognized Defendant Drivers, Chauffeurs, Warehousemen and Helpers Local No. 71 (hereinafter "Local No. 71") as the exclusive bargaining agent for Dallas & Mavis employees. Prior to his employment with Dallas & Mavis, Plaintiff accumulated 13 years of service credits with a Central States pension fund.

Plaintiff contends that the contract between Dallas & Mavis and Local No. 71 required Dallas & Mavis to make fringe benefit pension contributions on his behalf

to the Central State Pension Fund so that he could earn credited service for a pension for the time that he worked at Dallas & Mavis from 1981 through 1990. Therefore, the denial of the service credits from 1981 to 1990 will reduce the amount of pension benefits which Plaintiff contends he is legally entitled to receive upon his retirement.

The complaint sets forth three (3) claims for relief. First, Plaintiff alleges that Dallas & Mavis and Local No. 71 violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (hereinafter "§ 301") by failing to comply with the collective bargaining agreement, and by Local No. 71's failure to comply with its duty of fair representation by failing to take appropriate steps to require Dallas & Mavis to comply with its contractual obligation. Second, Plaintiff contends that Dallas & Mavis failed to make the contributions to Central States' pension fund as required by the collective bargaining agreement, and thus, Plaintiff is entitled under § 502 of ERISA, 29 U.S.C. § 1132(a) to enforce his rights under the Central States plan. Third, Plaintiff asserts that Central States violated its fiduciary duty by failing to require Dallas & Mavis to comply with the requirements of the plan in violation of 29 U.S.C. § 1104(a)(1)(D).

Plaintiff seeks the following relief:

(1) Judgment against Defendants, jointly and severally, for all damages sustained by Plaintiff;

(2) An Order directing Dallas & Mavis and Local No. 71 to make all contributions which were required to be made on Plaintiff's behalf during 1981 through 1990;

(3) An Order enjoining Central States to credit Plaintiff for all years of service with Dallas & Mavis as if contributions had been made on Plaintiff's behalf;

(4) An award of costs, including reasonable attorney fees, and;

(5) Such other relief as may be appropriate.

Plaintiff has demanded a jury trial on all issues of fact.

In the motion currently before the Court, Central States contends that ERISA does not expressly provide for a jury trial because ERISA claims are equitable in nature. Thus, there is no right to a jury trial in such cases.

The Fourth Circuit Court of Appeals has expressly held that an arbitrary and capricious standard is to be utilized by courts reviewing actions taken by fiduciaries administering company benefit plans. *See Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1006 (4th Cir.1985); *see also Voliva v. Seafarers Pension Plan*, 858 F.2d 195, 196 (4th Cir.1988); *Richards v. United Mine Workers of America Health and Retirement Funds*, 851 F.2d 122, 123 (4th Cir. 1988). Under the common law of trusts, proceedings to determine rights under employee benefit plans are equitable in character, and thus a matter for a judge, not a jury. *Berry*, 761 F.2d at 1007. Whether a fiduciary has violated the arbitrary and capricious standard is a matter for the court. *Id.* at 1006. To submit such an issue to a jury would constitute reversible error. *Id.* "[T]he significance of the standard, while second-nature to a judge, is not readily communicated to jurors." *Id.*

Plaintiff argues in his motion that the arbitrary and capricious standard is no longer the appropriate standard for courts to apply in ERISA cases. In the recent United States Supreme Court case of *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Court held that a claim for benefits under ERISA is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Id.* 109 S.Ct. at 956. Accordingly, Plaintiff argues that the rationale of *Berry* in holding that ERISA actions should be tried to the bench is no longer applicable unless the benefit plan conveys upon the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Therefore, Plaintiff contends that Central States' motion should be denied.

The Court believes that a fair reading of *Bruch* does not lead to the conclusion that *Berry* is no longer good law. The Supreme Court did not address the question of whether a jury trial is required in an ERISA action. While not specifically addressing the *Bruch* decision, at least two post-*Bruch* Circuit Courts have found no right to a jury trial in ERISA actions. *See Bair v. General Motors Corporation*, 895 F.2d 1094, 1097 (6th Cir.1990); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 650 (3rd Cir.1990).

Moreover, a district court in the Fourth Circuit recently rejected a similar argument to the one made by Plaintiff. In *Quesinberry v. Individual Banking Group Accident Insurance Plan*, 737 F.Supp. 38, (W.D.Va.1990), the court found that *Berry*, after *Bruch*, was still controlling law in the Fourth Circuit. In particular, the court noted that the Fourth Circuit in *Berry* did not merely rely on the arbitrary and capricious standard in concluding that a plaintiff in an ERISA action was not entitled to a jury trial. *Id.* at 41. Rather, the *Berry* court also cited the common law of trusts and the finding that actions under ERISA are equitable in nature as support for its decision.

This Court agrees with Chief Judge Turk that *Berry* remains good law and is binding precedent in this Circuit, even in light of the decision in *Bruch*. *Id.* Plaintiff has cited only one case, from the Eastern District of Michigan, in support of his position that *Bruch* permits jury trials in ERISA actions. Given the fact that the case cited by Plaintiff is a pre-*Bruch* decision (1977) and the clear precedent established in the Fourth Circuit under *Berry*, the Court is reluctant to extend *Bruch* to the limits urged by Plaintiff. It will lie with the Fourth Circuit, and not this Court, to reverse the clear language of *Berry*.

■ As an alternative position, Plaintiff contends that he is entitled to a jury trial on his § 301 claim [1], and therefore, his entitlement to a jury trial on his ERISA claim follows, regardless of whether he would independently be entitled to a jury trial on his ERISA claim alone.

In support of this position, Plaintiff relies on the recent United States Supreme Court decision of *Lytle v. Household Manufacturing, Inc.*, — U.S. —, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990). That case involved a dismissal by the district court of a claim brought pursuant to 42 U.S.C. § 1981. *Id.* 110 S.Ct. at 1335. Thereafter, a Title VII claim from the same complaint was tried to the bench. The Court of Appeals held that the dismissal of the § 1981 claim was erroneous, but, nevertheless, ruled that the district court's findings on the Title VII claims collaterally estopped the plaintiff from re-litigating his § 1981 claims. In reversing, the Supreme Court noted, "[W]hen legal and equitable claims are joined in the same action, the right to jury trial on the legal claim ... remains intact". *Id.*

Apparently, Plaintiff believes that this language requires the Court to find that he is entitled to a jury trial on *all* claims alleged in the complaint if he is entitled to a jury trial on *any* one claim. The *Lytle* case simply does not require such a finding. Instead, the Supreme Court in *Lytle* was merely addressing the situation where a court improperly dismisses a claim that otherwise should be heard by a jury. The Supreme Court found that the doctrine of collateral estoppel does not preclude the resolution of those claims on remand before a jury simply because the district court heard other claims from the same complaint in a bench trial. "[I]t would be anomalous to hold that a district court may not deprive a litigant of his right to a jury trial by resolving an equitable claim before a jury hears a legal claim raising common issues, but that a court may accomplish the

---

1. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, — U.S. —, 110 S.Ct. 1339, 1349, 108 L.Ed.2d 519 (1990) (holding that remedy of backpay sought in duty of fair representation § 301 action is legal in nature, and that plaintiff is entitled to a jury trial).

The Court agrees with Plaintiff's contention that *Terry* entitles him to a jury trial on his § 301 action. However, as discussed below, this conclusion does not lead to the conclusion that Plaintiff is also entitled to a jury trial on his ERISA claims.

same result by erroneously dismissing the legal claim". *Id.* 110 S.Ct. at 1336–37.

The Court does not believe that the Supreme Court in *Lytle* in any way intended to provide a means for plaintiffs in ERISA actions to obtain access to a jury trial to which they are otherwise not entitled by cleverly pleading § 301 claims in the same complaint. Thus, the Court believes that the proper disposition of this matter is for a jury to hear the evidence pertaining to the § 301 claim and for the Court to hear evidence pertaining to the ERISA claims. The Court believes that the majority of the evidence can be heard at the same time. Any evidence that is relevant to the ERISA claims alone will be heard by the Court outside the presence of the jury.

NOW, THEREFORE, IT IS ORDERED that Central States' motion to strike Plaintiff's jury demand be, and hereby is, GRANTED IN PART AS TO THE ERISA CLAIMS.

IT IS FURTHER ORDERED that Central States' motion to strike Plaintiff's jury demand be, and hereby is, DENIED IN PART AS TO THE § 301 CLAIM.