Everett R. ABELS, et al., Plaintiffs,

v.

**KAISER ALUMINUM & CHEMICAL CORPORATION, et al.,**
Defendants.

Civ. A. No. 6:90–0331.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Sept. 23, 1992.

Franklin D. Cleckley, Allan N. Karlin, Regina L. Charon, Morgantown, W.Va., for plaintiffs.

Joseph M. Price, Robinson & McElwee, Charleston, W.Va., Stephen H. Booth, Labor & Employment Counsel, Kaiser Aluminum & Chemical Corp., Oakland, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiffs' and Defendants' briefs regarding the right to a jury trial under § 510 of ERISA, 29 U.S.C. § 1140. The Court concludes that there is no right to jury trial, and also concludes that Plaintiffs' claim for punitive damages should be dismissed.

In 1981 the Plaintiffs were laid off by Defendant Kaiser Aluminum. The Plaintiffs were never recalled, and in 1988 their recall rights were terminated by a collective bargaining agreement. The Plaintiffs now claim they were not recalled in order to prevent vesting of their employee benefit plans, in violation of § 510 of ERISA. § 510 states the following:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the [employee benefit] plan ...

Based on § 510 of ERISA, the Plaintiffs seek job reinstatement, damages for lost wages and lost benefits, and punitive damages. Plaintiffs claim the right to a jury trial on these issues.

The exclusive enforcement provision for ERISA rights, including rights under § 510, is § 502(a), 29 U.S.C. § 1132(a). *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, ——, 111 S.Ct. 478, 485, 112 L.Ed.2d 474, 487 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987); *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985). Relevant provisions of § 502(a) state the following:

A civil action may be brought—
(1) by a participant or beneficiary—
...
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

With regard to Plaintiff's claim for punitive damages, the courts have generally held that there is no right to extracontractual relief or punitive damages in an ERISA action seeking enforcement through § 502(a). In *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985), the court addressed § 502(a)(1)(B) of ERISA:

... the statutory provision explicitly authorizing a beneficiary to bring an action—§ 502(a)(1)(B)—says nothing about the recovery of extra-contractual damages ... Thus, there really is nothing at all in the statutory text to support the conclusion that such a delay gives rise to a private right of action for compensatory or punitive relief.

This holding was followed in *Reinking v. Philadelphia American Life Ins. Co.*, 910 F.2d 1210, 1219–20 (4th Cir.1990). This Circuit has also held that there is no right to punitive damages in actions brought under § 502(a)(3). *Powell v. Chesapeake and*

*Potomac Telephone Co. of Virginia,* 780 F.2d 419, 424 (4th Cir.1985); *Donnkenny, Inc. v. Virginia Financial and Ins. Services, Inc.,* 739 F.Supp. 290, 294 (W.D.Va. 1990).

■ The *Ingersoll–Rand* case mentioned above has raised some question about the availability of punitive damages under ERISA. In *Ingersoll–Rand,* the Plaintiff claimed his employer discharged him in order to avoid making contributions to the employee pension fund. The Plaintiff sought compensatory and punitive damages based on state law. The Court held that Plaintiff's claim was preempted by § 510 of ERISA, and stated that "[I]t is clear that the relief requested [compensatory and punitive damages] here is well within the power of the federal courts to provide." *Ingersoll–Rand v. McClendon,* 498 U.S. at ——, 111 S.Ct. at 486, 112 L.Ed.2d at 488.

Based on the clear language of the *Russell* case, and the other holdings from the 4th Circuit, this Court does not believe *Ingersoll–Rand* creates a right to punitive damages in actions seeking enforcement of § 510 of ERISA through § 502(a). The dicta in *Ingersoll–Rand* is insufficient to overrule the settled law on this issue. The court therefore dismisses Plaintiff's claim for punitive damages.

The next issue is whether an action based on § 510 of ERISA, and seeking relief through § 502(a), may be presented to a jury. In *Berry v. Ciba–Geigy Corp.,* 761 F.2d 1003, 1007 (4th Cir.1985), the court stated the following:

> ... under the common law of trusts proceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury.
>
> .     .     .     .     .
>
> ... Ciba–Geigy's plan was governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (1982), under which the question of a jury trial has been considered one of congressional intent. Congress' silence on that question has returned it to the

common law of trusts ... where, as noted, no jury trial obtains.

Other 4th Circuit courts have since adopted the *Berry* holding, with respect to the equitable nature of ERISA actions. *Quesinberry v. Individual Banking Group Acc. Ins.,* 737 F.Supp. 38, 41 (W.D.Va.1990); *Wise v. Dallas & Mavis Forwarding Co.,* 751 F.Supp. 90, 92 (W.D.N.C.1990).

A few cases have addressed the relief provisions of § 502(a) with respect to § 510 of ERISA. In *Cox v. Keystone Carbon Co.,* 861 F.2d 390 (3rd Cir.1988), the plaintiff claimed that his employer had discharged him "for the purpose of interfering with Cox's attainment of certain employee benefits," in violation of § 510 of ERISA. The court commented on the appropriate relief under § 502(a)(3):

> A close examination of the language of subsection (a)(3) reveals that it is meant to provide only equitable relief and as such Congress can be said to have intended that there be no right to a jury trial under subsection (a)(3) ... (a)(3) provides that a civil action may be brought "to enjoin any act or practice ... or to obtain *other equitable relief."* 29 U.S.C. 1132(a)(3) (emphasis added).

In *Pane v. RCA Corporation,* 868 F.2d 631 (3rd Cir.1989), which also involved § 510 of ERISA, the court specifically held that § 502(a)(1)(B) provided for equitable remedies with no right to a jury trial.

In asserting the right to jury trial, the Plaintiff argues that his claims involve common law jury issues such as punitive damages and compensatory relief. The Plaintiff relies on *Ingersoll–Rand* to support the punitive damages claim, and cites the trend toward a "federal common law" for ERISA claims. See *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 56, 107 S.Ct. at 1557; *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 953, 103 L.Ed.2d 80 (1989).

■ For reasons discussed above, the punitive damages claim has been dismissed. This leaves Plaintiffs' claims for lost wages and lost benefits. Based on the 4th Circuit cases of *Berry, Quesinberry,* and *Wise,* this Court does not believe there is a right

to jury trial on these issues. The majority of courts have held that § 502(a) provides only for equitable relief, and the express language of § 502(a)(3) supports this interpretation.

The Court disagrees with Plaintiff's arguments regarding the federal common law. Federal "common law," as used in *Dedeaux* and *Bruch*, still *arises from* the statutory provisions of ERISA. Since § 502(a) is limited to equitable relief, any federal common law arising from § 502(a) must also be limited to equitable relief. Thus there is no right to jury trial on Plaintiff's action for lost wages and lost benefits. Because the relief involved arises in equity, there also is no 7th Amendment issue.

Accordingly, this court DENIES Plaintiff's request for a jury trial, and ORDERS that Plaintiff's claim for punitive damages be dismissed.