**Bud ALLEN, Jr., Plaintiff,**

v.

**Michael H. HOLLAND,
et al., Defendants.**

No. 5:96–0737.

United States District Court,
S.D. West Virginia.

Aug. 6, 1997.

S.F. Raymond Smith, Rundle & Rundle, Pineville, WV, for Bud Allen, Jr., plaintiff.

Glenda S. Finch, UMWA Health & Retirement Funds, Office of General Counsel, Washington, DC, Mary Jane Pickens, Caldwell, Cannon–Ryan & Riffee, Charleston, WV, Jerry Mims, UMWA Health & Retirement Funds, Office of the General Counsel, Washington, DC, for Michael H. Holland, Donald E. Pierce, Jr., Elliot A. Segal, Joseph J. Stahl, II, defendants.

### MEMORANDUM OPINION AND ORDER

HALLANAN, Senior District Judge.

This matter is before the Court via the parties' cross motions for summary judgment and memoranda in support thereof.

Having carefully reviewed the parties' motions, memoranda, and exhibits, the Court is now prepared to render its ruling.

### I.

Plaintiff initiated this action to obtain benefits from Defendants under the terms of the United Mine Workers of America 1974 Pension Trust Plan ("UMWA") pursuant to 29 U.S.C. § 1132. The issue before the Court is whether the Defendant Trustees of the

**16.** The plaintiff's remaining claim for unpaid minimum wages is unaffected by this ruling.

UMWA abused their discretion in denying Plaintiff disability benefits on the basis that he has failed to establish that his disability is the result of a work-related accident.

## II.

The standard of review herein is a limited one. In *Boyd v. Trustees of the UMWA Health & Retirement Funds*, 873 F.2d 57, 59 (4th Cir.1989), the United States Court of Appeals for the Fourth Circuit held that the 1974 Pension Plan bestows sufficient discretion upon its trustees to render an abuse of discretion standard applicable. *Richards v. UMWA Health & Retirement Funds*, 895 F.2d 133, 135 (4th Cir.1990). Accordingly, in the case *sub judice*, the Defendants' decision to deny Plaintiff pension benefits should not be disturbed if reasonable. *See DeWitt v. State Farm Insurance Cos. Retirement Plan*, 905 F.2d 798, 801 (4th Cir.1990); *de Nobel v. Vitro Corp.*, 885 F.2d 1180, 1187–88 (4th Cir. 1989).

Plaintiff claims herein that Defendants' decisions denying him benefits constitute an abuse of discretion because they are not supported by substantial evidence and that the evidence in the record shows that his disability was in fact work-related. Under Fourth Circuit case law, a showing that the trustees' decision lacks substantial evidence is one of the methods in which a claimant may establish an abuse of discretion. *Boyd*, 873 F.2d at 60; *Richards*, 895 F.2d at 135.

Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before the jury, then there is 'substantial evidence' *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966) (citations omitted); *accord LeFebre v. Westinghouse Electric Corp.*, 747 F.2d 197, 208 (4th Cir.1984).

Provided there is no clear error of law, however, a reviewing court should uphold the decision of the trustees which is supported by substantial evidence even though substantial evidence exists which would also support a contrary result. *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 619–21, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). Moreover, a reviewing court's determination of whether the trustees' decision of eligibility is supported by substantial evidence must be limited to a consideration of the record before the trustees at the time of their final determination. *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985). The following facts of record are relevant herein.

## III.

Defendants' Pension Trust was created pursuant to Section 302(c) of the "Labor Management Relations Act of 1947." 29 U.S.C. § 186(c). The Pension Trust was created pursuant to a trust agreement which was part of the collective bargaining agreement entered into in 1974 between the United Mine Workers of America and a group of owners and operators of coal mines which formed the Bituminous Coal Operator's Association. The trust agreement is incorporated by reference into the National Coal Wage Agreement Act of 1974 under the heading "Health and Retirement Benefits."

Under the aforementioned wage agreement and pursuant to the 1974 Trust Fund Plan, a pension is established for bituminous coal miners who are rendered totally disabled as a result of a coal mining accident.

## IV.

Plaintiff, a member of the United Mine Workers' of America, allegedly suffered an injury on January 15, 1993, while employed by a signatory employer. (Plaintiff's Brief, p. 1–2). Plaintiff stated that the injury occurred while he had been "cleaning out a pre-wet, bent over and back pain occurred." (Joint Exhibit A, p. 119). Plaintiff alleges that this injury caused him to be permanently disabled.

On February 8, 1993, Dr. Prasadarao B. Mukkamala examined Allen for back injuries he sustained on January 15, 1993. In his report, Dr. Mukkamala stated:

[T]he claimant did not suffer any work related injury on 1–15–93. He simply developed back pain on bending over which cannot really be considered as an injury. With longstanding back problems like the one he has, it is expected that the patient will occasionally have back pain on an ongoing basis, particularly aggravated with maneuvers like bending over.

(*Id.* at 10–11). Dr. Mukkamala further determined that Allen was able to return to work immediately. (*Id.*).

Dr. C. Richard Daniel, Jr., took X-rays of Plaintiff's back which revealed "progressive degenerative changes at the L4–L5 level with ... disc space narrowing and sclerosis and eburnation along the vertebral end plates." (*Id.* at 272). Dr. Daniel found no evidence of spondylolysis or spondylolisthesis. (*Id.*)

On March 3, 1993, Dr. Adnan N. Silk noted that Plaintiff "was standing on a ladder and bending forward to clean the plant when he twisted his back." (*Id.* at 278). Dr. Silk diagnosed Plaintiff with low back sprain. (*Id.*). He recommended surgery but Plaintiff refused. (*Id.* at 279, 297, 298).

Dr. J. Willis' examination of Plaintiff on April 12, 1993 revealed a herniated nucleus pulposus and narrowing at L4–5 area on the right side. (*Id.* at 280).

On May 7, 1993, Dr. Saghir R. Mir noted Plaintiff's lower back strain and Plaintiff's restriction of motion on his lumbar spine and decreased sensation in the nerve roots on the left side of the L–5 and S–1 area. (*Id.* at 1114). During Dr. Mir's follow-up examination of Plaintiff on September 15, 1993, Dr. Mir stated that Plaintiff "injured his lower back on 1–15–93 standing in an awkward position." (*Id.* at 1155). His conclusion was that Plaintiff reached his maximum level of improvement. (*Id.* at 1157).

Plaintiff was diagnosed by Mari Sullivan Walker, M.A. on October 26, 1993 to be functionally illiterate and that he was not capable of sustaining substantial employment, including light or sedentary work. (*Id.* at 312).

On December 3, 1993, Robert L. Williams conducted a vocational evaluation of Plaintiff and noted that Plaintiff was of borderline intelligence and unable to perform any type of work due to the severity of his pain. (*Id.* at 315–18).

On January 11, 1995, an Administrative Law Judge awarded Plaintiff social security benefits due to Plaintiff's physical as well as mental impairments. (*Id.* at 186–90).

Plaintiff then applied for disability pension benefits on February 24, 1995 from the 1974 Pension Trust claiming that he was totally disabled from his January 15, 1993 back injury. (*Id.* at 335–38). On March 14, 1996, the 1974 Pension Trust informed Plaintiff that his request for disability pension benefits was denied because he failed to establish that the disability was caused by a mine accident as required by the 1974 Pension Plan. (*Id.* at 91). Plaintiff appealed this decision and was again denied on May 21, 1996. (*Id.* at 41). Plaintiff submitted additional information through legal counsel and on July 3, 1996, the Trustees affirmed their previous denial of his application for disability pension benefits. (*Id.* at 1). Thereafter, this action ensued.

V.

Defendants, as trustees, owe a fiduciary duty to grant benefits to Plaintiff if, in accordance with the requirements of the 1974 Pension Plan, he can demonstrate that he has been totally disabled as a result of a mine-related injury suffered while performing classified work for a signatory employer. *UMWA Health & Retirement Funds v. Robinson,* 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982).

The governing eligibility requirements for a disability pension are set forth in Article II.C of the 1974 Pension Plan which provides in pertinent part that:

A Participant who ... becomes totally disabled as a result of a mine accident ... shall, upon retirement ... be eligible for a pension while so disabled. A Participant shall be considered to be totally disabled only if by reason of such accident such Participant is subsequently determined to be eligible for Social Security Disability

Insurance (SSDI) Benefits under Title II of the Social Security Act or its successor. (1974 Pension Plan, Art. II § C).

Accordingly, to be eligible for a disability pension, Defendants must determine whether Plaintiff is "totally disabled as a result of a mine accident." The United States Court of Appeals for the Fourth Circuit has held that:

> Under the terms of the UMWA 1974 Pension Plan, a Social Security disability award conclusively establishes the medical disability of the pension applicant. The Pension Plan further requires that the applicant show that he became disabled "as the result of a mine accident." ... "The only reasonable interpretation of the requirement that total disability be 'the result of a mine accident,' therefore, is that it requires total disability to have been proximately caused by the mine accident. That is, if the plaintiff was injured in a mine accident and that injury, whether in combination with a previous or subsequent condition, is substantially responsible for plaintiff's inability to perform his job and for whatever medical and vocational reasons he is unable to perform an alternative job, then his total disability results from a mine accident."

*Robertson v. Connors,* 848 F.2d 472, 475 (4th Cir.1988) (quoting *Horn v. Mullins,* 498 F.Supp. 1197, 1200 (W.D.Va.1980), aff'd. 650 F.2d 35 (4th Cir.1981)) (footnotes omitted).

Due to the Plan's failure to define the term "mine accident," the Trustees, pursuant to 1974 Pension Plan Article VIII.B(1), issued rules and regulations in the form of questions and answers. Question and Answer ("Q & A") 252, addresses the question of when a claimant is totally disabled as a result of a mine accident. *See Lockhart v. UMWA 1974 Pension Trust* 5 F.3d 74, 78–79 (4th Cir. 1993).

Q & A 252 provides that a miner is totally disabled as a result of a mine accident if there is:

> (1)*Unexpectedness:* The disability must have been unlooked for and unforeseen; (2) *Definiteness:* The disability must be traceable to a definite time place and occasion which occurred within the course of the mine worker's employment. A progressive disease does not meet this test and therefore cannot be a disability that results from a mine accident; (3) *Force or impact:* The disability must have been caused by the exertion or impact of some external physical force or object against the body or by the exertion *or* impact of the body against some external physical object, i.e., not simply as the result of the mine worker's own physical condition.[1]

Defendant must also determine whether Plaintiff has received an SSDI award and identify the medical condition upon which the award was based. Finally, Defendants must establish whether there is a causal link between the SSDI benefits granted and the mine accident.

Thus, in summary, Plaintiff must establish: (1) he suffered a "mine accident" (as discussed in Q & A 252); (2) he received an SSDI award; and (3) a causal connection between the disability for which he was awarded SSDI benefits and the mine accident and resultant injuries.

## VI.

[3] As applied to the facts of this case, Plaintiff fails to meet the first prong of the analysis. Plaintiff, in his report of injury, stated that his injury occurred when he "bent over." (Joint Exhibit A, p. 119). On Plaintiff's disability benefits pension application, he asserted that he suffered a mine injury to his lower back on January 15, 1993, when

---

1. Q & A 252 lists the following examples of circumstances under which a miner can be considered "disabled as the result of a mine accident":

(a) the miner strikes himself with his own tool; (b) a miner slips and falls; (c) a miner falls or strikes a stationary object while jumping out of the way of roof fall; (d) a miner falls down a mine shaft; (e) a miner inhales a poisonous gas; (f) a miner jumps across a belt line and lands in such a way that he suffers a disabling injury; (g) a miner falls off a truck; (h) a miner jumps out of the way of an oncoming piece of mine equipment and falls against a hard surface; (i) a miner bumps his head on a solid object; (j) a miner injures his back lifting a heavy object in the normal course of his job; (k) a miner suffers a heart attack while pushing a heavy object in the normal course of his job.

329

"standing on top of [a] ladder cleaning out [a] pre-wet." (*Id.* at 336).

Under either scenario Plaintiff fails to show evidence of force or impact as required by Q & A 252. No evidence of exertion or impact of external physical force or object against the body was proffered by Plaintiff. Additionally, no evidence of exertion or impact of the body against some external physical object was proffered by Plaintiff. Plaintiff only stated that while bent over or while standing, he experienced lower-back pain. This alone, without evidence of force or impact, fails to meet definition of "mine accident." Due to Plaintiff's inability to meet this threshold requirement, the Court does not find any evidence that the Trustees abused their discretion in denying disability benefits to Plaintiff.

## VII.

Accordingly, the Court finds that Defendants' determination that Plaintiff is ineligible for disability pension is in accordance with the governing plan, is supported by substantial evidence in the record and is not arbitrary, capricious or an abuse of discretion. The Court hereby **ORDERS** that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's motion for summary judgment be **DENIED.**