**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2339

RALPH O'QUINN,

Plaintiff - Appellee,

versus

TRUSTEES OF THE UNITED MINE WORKERS HEALTH &
RETIREMENT FUNDS,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.   Glen M. Williams, Senior
District Judge.  (CA-05-16-1)

Argued:  October 24, 2006          Decided:  November 28, 2006

Before WILKINS, Chief Judge, GREGORY, Circuit Judge, and James R.
SPENCER, Chief United States District Judge for the Eastern
District of Virginia, sitting by designation.

Reversed and remanded with instructions by unpublished per curiam
opinion.

**ARGUED:** Michele Marie Schoeppe, UNITED MINE WORKERS OF AMERICA,
Office of the General Counsel, Washington, D.C., for Appellant.
John Michel Lamie, BROWNING, LAMIE & GIFFORD, P.C., Abingdon,
Virginia, for Appellee.  **ON BRIEF:** Glenda Sullivan Finch, Deputy
General Counsel, Kathleen Marie Dowd, Senior Assistant General
Counsel, UNITED MINE WORKERS OF AMERICA, Health & Retirement Funds,
Office of the General Counsel, Washington, D.C., for Appellant.
Mary C. Hendricks, BROWNING, LAMIE & GIFFORD, P.C., Abingdon,
Virginia, for Appellee.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The Trustees of the United Mine Workers Health & Retirement Funds (Trustees) appeal a district court order summarily reversing their denial of Ralph O'Quinn's claim for disability benefits under the United Mine Workers of America 1974 Pension Plan (Plan). Because the Trustees did not abuse their discretion in denying O'Quinn's claim, we reverse and remand with instructions to enter summary judgment in favor of the Trustees.

I.

O'Quinn, a former miner for Clinchfield Coal Company (Clinchfield), injured his back in January 2001 while attempting to exit a mantrip and move through a mantrap door.[1] An administrative law judge later found that O'Quinn was disabled due to his injury, and O'Quinn was awarded social security disability benefits.

O'Quinn separately applied for disability pension benefits under the Plan. The Trustees denied O'Quinn's application on the ground that his disability was not caused by a "mine accident" as required by the Plan. J.A. 201. O'Quinn sought administrative review of this decision and submitted additional evidence in support of his claim. After a hearing, the Trustees upheld the

---

[1]The district court explained that "[a] mantrip is a vehicle used to transport miners and supplies, and a mantrap is a metal door often found in block walls constructed in the mines for ventilation or other purposes." O'Quinn v. Trs., UMWA Health & Ret. Fund, 395 F. Supp. 2d 387, 389 n.2 (W.D. Va. 2005).

denial of disability benefits.  Relying on a rule interpreting the Plan, the Trustees concluded that O'Quinn's disability did not result from a "mine accident" because it "was not caused by the exertion or impact of some external physical force or object against [O'Quinn's] body or by the exertion or impact of [his] body against some external physical object."  Id. at 19.

O'Quinn later brought this action alleging that the Trustees improperly denied his claim for disability benefits.  Both O'Quinn and the Trustees moved for summary judgment.  The district court held that the Trustees had abused their discretion in denying O'Quinn's claim.  The court determined that O'Quinn's disability was caused by a "mine accident," concluding that "there was force and impact exerted on O'Quinn's body":

> O'Quinn[] was not just simply bending over into a crouched position.  [He] bent over, squatted, fell to his knees and turned all in the same motion and was in the process of pulling himself through the mantrap door when he was injured.  Falling to one's knees and pulling oneself through a door is an exertion of the body against some external physical object as required by Q & A 252, and, thus, any disabling injury suffered thereof, is the result of a mine accident.

O'Quinn v. Trs., UMWA Health & Ret. Fund, 395 F. Supp. 2d 387, 391 (W.D. Va. 2005).  Accordingly, the district court granted O'Quinn's summary judgment motion and denied the Trustees' motion.


II.

The Trustees contend that the district court erred in reversing their denial of disability benefits to O'Quinn.  We

4

review the district court decision de novo.  See Donovan v. Eaton Corp., Long Term Disability Plan, 462 F.3d 321, 326 (4th Cir. 2006).  When, as here, an ERISA disability pension plan commits eligibility decisions to the discretion of the plan administrator, we review those decisions for abuse of discretion.  See McCoy v. Holland, 364 F.3d 166, 169-70 (4th Cir. 2004).  In so doing, "we will not disturb such a decision if it is reasonable."  Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342 (4th Cir. 2000).  While we may consider a variety of factors in assessing whether a plan administrator's decision is reasonable, see id. at 342-43, the only factor seriously in question here is whether the evidence considered by the Trustees supports their decision, see McCoy, 364 F.3d at 170.  Thus, "the Trustees' decision is reasonable if it is supported by substantial evidence." Id.

Under the Plan, a miner is eligible for a disability pension if, inter alia, he "becomes totally disabled as a result of a mine accident."  J.A. 236.  Although the Plan does not define "mine accident," an interpretive rule adopted by the Trustees, "Q & A 252," imposes three requirements for determining that a miner is "disabled as [a] result of a mine accident":

(1) Unexpectedness:  The disability must have been unlooked for and unforeseen;

(2) Definiteness: The disability must be traceable to a definite time, place and occasion which occurred

5

within the course of the mine worker's employment....;

(3) Force or impact: The disability must have been caused by the exertion or impact of some external physical force or object against the body or by the exertion or impact of the body against some external physical object; i.e., not simply as a result of the mine worker's own physical condition.

Id. at 277 (internal quotation marks omitted; final emphasis added).[2]  Here, the Trustees contest only the third requirement,

_____

[2]Q & A 252 further lists several examples of circumstances in which a miner can be considered "disabled as [a] result of a mine accident" under this three-part test:

(a)  a miner strikes himself with his own tool;

(b)  a miner slips and falls;

(c)  a miner falls or strikes a stationary object while jumping out of the way of roof fall;

(d)  a miner falls down a mine shaft;

(e)  a miner inhales a poisonous gas;

(f)  a miner jumps across a beltline and lands in such a way that he suffers a disabling injury;

(g)  a miner falls off a truck;

(h)  a miner jumps out of the way of an oncoming piece of mine equipment and falls against a hard surface;

(I)  a miner bumps his head on a solid object;

(j)  a miner injures his back lifting a heavy object in the normal course of his job;

(k)  a miner suffers a heart attack while pushing a heavy object in the normal course of his job.

Id. at 277-78 (internal quotation marks omitted).

6

maintaining that O'Quinn's injury was not caused by a "[f]orce or impact" within the meaning of Q & A 252. The Trustees contend that substantial evidence supports their determination that the injury involved neither an external force or impact against O'Quinn's body nor an exertion or impact of his body against an external object. We agree.

Clinchfield's accident report on O'Quinn's injury mentions no external force or impact involving O'Quinn's body. That report states that O'Quinn "got out of [a] mantrip, bent forward and turned to go through [a] man door and felt something pull in his back." Id. at 21. Nor do O'Quinn's medical records describe an external force or impact in connection with the injury. For example, a record based on an examination of O'Quinn the day after the incident describes the injury as follows: "[O'Quinn] was getting out of a mantrip to check a gas meter. He was trying to squat and turn at the same time on the left side. At that time, he heard a snapping noise in his low back area." Id. at 147. Other medical records similarly describe the injury without mentioning an external force or impact. See id. at 83 (stating that O'Quinn "got out of a mantrip backwards," "[b]ent over, squatted, and turned all at the same time to go through a mandoor," and "felt something move in his back"); id. at 142 ("[O'Quinn] states that as he was going into the mines ..., having parked his man-trip, [he] turned to get out of the man-trip, and ... felt 'something move in [his] lower

7

back.'"); id. at 158 ("[O'Quinn] had ridden a mantrip into a section, and on getting out of it ... he backed out, turned and squatted at the same time to get low enough to go through a man door. When he turned and squatted, he felt something 'move' in his lower back, and felt a funny sensation in the left side of his body.").

There is some evidence suggesting that an external force or impact occurred in connection with O'Quinn's injury. O'Quinn testified at the administrative hearing that "when he stepped backwards off the man trip, he fell to his knees to crawl through the man door, all in the same motion, and felt something move in his back." Id. at 18 (emphasis added). The hearing officer declined to credit O'Quinn's testimony, however, noting that none of the records documenting O'Quinn's injury described a fall or other external force or impact.

We conclude that substantial evidence supports the Trustees' determination that O'Quinn's injury did not involve an external force or impact and therefore that his disability was not caused by a "mine accident." Although the district court determined that O'Quinn fell to his knees at the time of his injury, most of the record evidence tends to show that O'Quinn's injury occurred when he turned and squatted to go through the mandoor. Cf. Vance v. Holland, 22 F. Supp. 2d 529, 534 (W.D. Va. 1998) ("Lower back pain associated with rising up or straightening up from a crouched

8

position does not constitute a mine accident in the absence of an external physical force or impact."), aff'd, 175 F.3d 1018 (4th Cir. 1999) (per curiam) (unpublished table decision); Allen v. Holland, 36 F. Supp. 2d 325, 329 (S.D. W. Va. 1997) (holding that claimant's allegation that he suffered low back pain "while bent over or while standing" did not satisfy definition of "mine accident" because claimant "faile[d] to show evidence of force or impact as required by Q & A 252"). And, while the district court found that O'Quinn was pulling himself through the mantrap door when he was injured, nothing in the record supports that finding.[3]

## III.

For the reasons set forth above, we reverse the grant of summary judgment to O'Quinn and remand with instructions to enter summary judgment in favor of the Trustees.

REVERSED AND REMANDED WITH INSTRUCTIONS

---

[3]O'Quinn argues that even if the Trustees reasonably determined that he was not involved in a "mine accident" as interpreted by Q & A 252, that interpretive rule is contrary to the language and purpose of the Plan. We find no merit to this argument.